943 F.2d 55
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hector GONZALES-GARZA, Defendant-Appellant.
 No. 90-30411.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 5, 1991.
Decided Sept. 10, 1991.
 
 Before CANBY, DAVID R. THOMPSON and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hector Gonzales-Garza appeals his conviction at jury trial for possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1).
 
 
 3
 Counsel for Gonzales-Garza filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), which identified one possible issue for review: whether there was sufficient evidence to support Gonzales-Garza's conviction.[1] We have jurisdiction under 28 U.S.C. § 1291 and we grant counsel's request to withdraw and affirm the sentence.
 
 
 4
 Gonzales-Garza waived his objection to the sufficiency of the evidence by failing to raise the argument in a motion for acquittal. See United States v. Lai, 934 F.2d 1414, 1419 (9th Cir.1991); United States v. Hernandez, 876 F.2d 774, 777 (9th Cir.), cert. denied, 110 S.Ct. 179 (1989). "We therefore review only for plain error, so as to prevent a miscarriage of justice." Lai, 934 F.2d at 1419. "A plain error is a highly prejudicial error affecting substantial rights." Hernandez, 876 F.2d at 777 (quotation marks and citation omitted).
 
 
 5
 Ample evidence introduced at trial supports the jury's conclusion that Gonzales-Garza knowingly possessed heroin with the intent to distribute it. Sgt. Ed May, the police officer who participated in the undercover operation which resulted in the instant conviction, testified at trial that he met several times with Gonzales-Garza, purchased heroin from him on at least two occasions, and arranged the drug buy which ultimately resulted in Gonzales-Garza's arrest. By questioning the sufficiency of the evidence, Gonzales-Garza appears to suggest that Officer May's testimony is not credible because Gonzales-Garza's testimony contradicts it. "Credibility determinations, however, are matters left to the trier of fact." United States v. Vasquez, 858 F.2d 1387, 1391 (9th Cir.1988). In convicting Gonzales-Garza, the jury clearly found Officer May's testimony credible. Therefore, we hold there was sufficient evidence to sustain Gonzales-Garza's conviction. See Lai, 934 F.2d at 1419.
 
 
 6
 Counsel's motion to withdraw is GRANTED and the judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Following review of the record on appeal, we discern no other possible issues for appeal