# ANDERS v. CALIFORNIA.

No. 98.   Argued March 14, 1967.—Decided May 8, 1967.

*Ira Michael Heyman,* by appointment of the Court, 384 U. S. 925, argued the cause and filed briefs for petitioner.

*George J. Roth,* Deputy Attorney General of California, argued the cause for respondent. With him on the brief were *Thomas C. Lynch,* Attorney General, and *William E. James,* Assistant Attorney General.

MR. JUSTICE CLARK delivered the opinion of the Court.

We are here concerned with the extent of the duty of a court-appointed appellate counsel to prosecute a first appeal from a criminal conviction, after that attorney has conscientiously determined that there is no merit to the indigent's appeal.

After he was convicted of the felony of possession of marijuana, petitioner sought to appeal and moved that the California District Court of Appeal appoint counsel for him. Such motion was granted; however, after a study of the record and consultation with petitioner, the appointed counsel concluded that there was no merit to the appeal. He so advised the court by letter and, at the same time, informed the court that petitioner wished

to file a brief in his own behalf. At this juncture, petitioner requested the appointment of another attorney. This request was denied and petitioner proceeded to file his own brief *pro se*. The State responded and petitioner filed a reply brief. On January 9, 1959, the District Court of Appeal unanimously affirmed the conviction, *People* v. *Anders*, 167 Cal. App. 2d 65, 333 P. 2d 854.

On January 21, 1965, petitioner filed an application for a writ of habeas corpus in the District Court of Appeal in which he sought to have his case reopened. In that application he raised the issue of deprivation of the right to counsel in his original appeal because of the court's refusal to appoint counsel at the appellate stage of the proceedings.[1] The court denied the application on the same day, in a brief unreported memorandum opinion. The court stated that it "ha[d] again reviewed the record and [had] determined the appeal [to be] without merit." The court also stated that "the procedure prescribed by In re Nash, 61 A. C. 538, was followed in this case . . . ."[2] On June 25, 1965, petitioner submitted a petition for a writ of habeas

---

[1] Previously, on January 24, 1964, petitioner, while on parole, had been arrested and convicted of the felony of burglary which was affirmed on appeal. We granted certiorari, *ante*, p. 264, vacated the judgment below and remanded for further consideration in light of *Chapman* v. *California*, *ante*, p. 18.

[2] *In re Nash*, 61 Cal. 2d 491, 393 P. 2d 405 (1964), held that the requirements of *Douglas* v. *California*, 372 U. S. 353 (1963), are met in the event appointed counsel thoroughly studies the record, consults with the defendant and trial counsel and conscientiously concludes, and so advises the appellate court, that there are no meritorious grounds of appeal; and provided that the appellate court is satisfied from its own review of the record, in light of any points personally raised by the defendant, that appointed counsel's conclusion is correct. The appeal then proceeds without the appointment of other counsel and decision is reached without argument.

corpus to the Supreme Court of California, and the petition was denied without opinion by that court on July 14, 1965. Among other trial errors, petitioner claimed that both the judge and the prosecutor had commented on his failure to testify contrary to the holding of this Court in *Griffin* v. *California,* 380 U. S. 609 (1965). We have concluded that California's action does not comport with fair procedure and lacks that equality that is required by the Fourteenth Amendment.

## I.

For a decade or more, a continuing line of cases has reached this Court concerning discrimination against the indigent defendant on his first appeal. Beginning with *Griffin* v. *Illinois,* 351 U. S. 12 (1956) where it was held that equal justice was not afforded an indigent appellant where the nature of the review "depends on the amount of money he has," at 19, and continuing through *Douglas* v. *California,* 372 U. S. 353 (1963), this Court has consistently held invalid those procedures "where the rich man, who appeals as of right, enjoys the benefit of counsel's examination into the record, research of the law, and marshalling of arguments on his behalf, while the indigent, already burdened by a preliminary determination that his case is without merit, is forced to shift for himself." At 358. Indeed, in the federal courts, the advice of counsel has long been required whenever a defendant challenges a certification that an appeal is not taken in good faith, *Johnson* v. *United States,* 352 U. S. 565 (1957), and such representation must be in the role of an advocate, *Ellis* v. *United States,* 356 U. S. 674, 675 (1958), rather than as *amicus curiae.* In *Ellis, supra,* we concluded:

> "If counsel is convinced, after conscientious investigation, that the appeal is frivolous, of course, he may ask to withdraw on that account. If the court

is satisfied that counsel has diligently investigated the possible grounds of appeal, and agrees with counsel's evaluation of the case, then leave to withdraw may be allowed and leave to appeal may be denied." At 675.

In *Gideon* v. *Wainwright,* 372 U. S. 335 (1963), the Sixth Amendment's requirement that "the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence" was made obligatory on the States by the Fourteenth Amendment; the Court holding that "in our adversary system of criminal justice, any person haled into court, who is too poor to hire a lawyer, cannot be assured a fair trial unless counsel is provided for him." At 344. We continue to adhere to these principles.

## II.

In petitioner's case, his appointed counsel wrote the District Court of Appeal, stating:

"I will not file a brief on appeal as I am of the opinion that there is no merit to the appeal. I have visited and communicated with Mr. Anders and have explained my views and opinions to him . . . . [H]e wishes to file a brief in this matter on his own behalf."

The District Court of Appeal, after having examined the record, affirmed the conviction. We believe that counsel's bare conclusion, as evidenced by his letter, was not enough. It smacks of the treatment that Eskridge received, which this Court condemned, that permitted a trial judge to withhold a transcript if he found that a defendant "has been accorded a fair and impartial trial, and in the Court's opinion no grave or prejudicial errors occurred therein." *Eskridge* v. *Washington State Board,* 357 U. S. 214, 215 (1958). Such a procedure, this Court said, "cannot be an adequate substitute for the right to full appellate review available to all defendants"

who may not be able to afford such an expense. At 216. And in still another case in which "a state officer outside the judicial system" was given the power to deprive an indigent of his appeal by refusing to order a transcript merely because he thought the "appeal would be unsuccessful," we reversed, finding that such a procedure did not meet constitutional standards. *Lane* v. *Brown,* 372 U. S. 477 (1963). Here the court-appointed counsel had the transcript but refused to proceed with the appeal because he found no merit in it. He filed a no-merit letter with the District Court of Appeal whereupon the court examined the record itself and affirmed the judgment. On a petition for a writ of habeas corpus some six years later it found the appeal had no merit. It failed, however, to say whether it was frivolous or not, but, after consideration, simply found the petition to be "without merit." The Supreme Court, in dismissing this habeas corpus application, gave no reason at all for its decision and so we do not know the basis for its action. We cannot say that there was a finding of frivolity by either of the California courts or that counsel acted in any greater capacity than merely as *amicus curiae* which was condemned in *Ellis, supra.* Hence California's procedure did not furnish petitioner with counsel acting in the role of an advocate nor did it provide that full consideration and resolution of the matter as is obtained when counsel is acting in that capacity. The necessity for counsel so acting is highlighted by the possible disadvantage the petitioner suffered here. In his *pro se* brief, which was filed in 1959, he urged several trial errors but failed to raise the point that both the judge and the prosecutor had commented to the jury regarding petitioner's failure to testify. In 1965, this Court in *Griffin* v. *California, supra,* outlawed California's comment rule, as embodied in Art. I, § 13, of the California Constitution.

## III.

The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of *amicus curiae*. The no-merit letter and the procedure it triggers do not reach that dignity. Counsel should, and can with honor and without conflict, be of more assistance to his client and to the court.[3] His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

---

[3] For comparative purposes see *Tate* v. *United States*, 123 U. S. App. D. C. 261, 359 F. 2d 245, and *Johnson* v. *United States*, 124 U. S. App. D. C. 29, 360 F. 2d 844, which outline the practice followed in the District of Columbia. These guidelines are elaborated in more detail in a "Statement to be Handed by the Clerk to Appointed Counsel" which has been prepared by the Court of Appeals for the District of Columbia Circuit. We indicate no approval of the requirements set out in the statement or in the cases.

This requirement would not force appointed counsel to brief his case against his client but would merely afford the latter that advocacy which a nonindigent defendant is able to obtain. It would also induce the court to pursue all the more vigorously its own review because of the ready references not only to the record, but also to the legal authorities as furnished it by counsel. The no-merit letter, on the other hand, affords neither the client nor the court any aid. The former must shift entirely for himself while the court has only the cold record which it must review without the help of an advocate. Moreover, such handling would tend to protect counsel from the constantly increasing charge that he was ineffective and had not handled the case with that diligence to which an indigent defendant is entitled. This procedure will assure penniless defendants the same rights and opportunities on appeal—as nearly as is practicable—as are enjoyed by those persons who are in a similar situation but who are able to afford the retention of private counsel.

The judgment is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

*It is so ordered.*

MR. JUSTICE STEWART, whom MR. JUSTICE BLACK and MR. JUSTICE HARLAN join, dissenting.

The system used by California for handling indigent appeals was described by the California Supreme Court in *In re Nash*, 61 Cal. 2d 491, 495, 393 P. 2d 405, 408:

> "We believe that the requirement of the *Douglas* case [372 U. S. 353] is met . . . when, as in this case, counsel is appointed to represent the defendant on appeal, thoroughly studies the record, consults with the defendant and trial counsel, and conscientiously concludes that there are no meritorious

grounds of appeal. If thereafter the appellate court is satisfied *from its own review* of the record in the light of any points raised by the defendant personally that counsel's assessment of the record is correct, it need not appoint another counsel to represent the defendant on appeal and may properly decide the appeal without oral argument." (Emphasis added.)

The Court today holds this procedure unconstitutional, and imposes upon appointed counsel who wishes to withdraw from a case he deems "wholly frivolous" the requirement of filing "a brief referring to anything in the record that might arguably support the appeal." But if the record did present any such "arguable" issues, the appeal would not be frivolous and counsel would not have filed a "no-merit" letter in the first place.*

The quixotic requirement imposed by the Court can be explained, I think, only upon the cynical assumption that an appointed lawyer's professional representation to an appellate court in a "no-merit" letter is not to be trusted. That is an assumption to which I cannot subscribe. I

---

*The Court concedes as much when it states such a brief should be filed only when counsel believes the case to be "wholly frivolous" and then goes on to hold "if [the California appellate court] finds any of the legal points arguable on their merits (*and therefore not frivolous*) it must . . . afford the indigent the assistance of counsel . . . ." *Ante,* p. 744. (Emphasis added.)

Even accepting the Court's requirement, one would have to perceive an "arguable" issue in Anders' case in order to remand it for a new appeal. The most that all of the courts and lawyers who have examined his case have turned up is a claim that the prosecutor commented on his silence at trial. But Anders' conviction was affirmed by the California District Court of Appeal six years before *Griffin* v. *California,* 380 U. S. 609, was decided. Our later decision in *Tehan* v. *Shott,* 382 U. S. 406, was based on the premise that prior to *Griffin* the practice of commenting on the defendant's silence was well established and thus did not raise an "arguable" issue. Cf. *O'Connor* v. *Ohio,* 385 U. S. 92.

cannot believe that lawyers appointed to represent indigents are so likely to be lacking in diligence, competence, or professional honesty. Certainly there was no suggestion in the present case that the petitioner's counsel was either incompetent or unethical.

But even if I could join in this degrading appraisal of the *in forma pauperis* bar, it escapes me how the procedure that the Court commands is constitutionally superior to the system now followed in California. The fundamental error in the Court's opinion, it seems to me, is its implicit assertion that there can be but a single inflexible answer to the difficult problem of how to accord equal protection to indigent appellants in each of the 50 States.

Believing that the procedure under which Anders' appeal was considered was free of constitutional error, I would affirm the judgment.