■ JOSE FERNANDO LUCIANO-ROZON, Respondent, v WALTER SCOTT & Co., INC., et al., Appellants.—Order, Supreme Court, New York County, entered May 20, 1976, unanimously affirmed. Respondent shall recover of appellants $40 costs and disbursements of this appeal. It may well be that defendant-appellant is unable to produce for examination an employee of a defendant management concern actually out of business and that its failure to comply with two separate orders so to do was not willful. However, defendants' attitude of almost casual indifference to the directions of the court have necessitated the appropriate action of Special Term in setting the matter down for inquest. Nor is the order under appeal as drastic as it may appear, being actually no more than a preclusion: if defendant has no witnesses to produce, it would have none at a trial in any event, but plaintiff will still be put to his proof at inquest of the underlying issue of liability. In short, the order for inquest, made and entered pursuant to the order appealed from, is not simply for assessment but for inquest. The history of plaintiff-respondent's attempts to have an examination goes back to notice thereof in May, 1975; it includes two separate defaults in appearance and two orders, culminating in the production in January, 1976, of the very witness rejected as inadequate half a year earlier. And when reapplication was made to strike the answer for failure to comply with the court's order, no opposition was interposed then, but only, and again belatedly, by motion to vacate. Special Term properly rejected that application as "tardy and insufficient." Concur—Markewich, J. P., Murphy, Lupiano, Birns and Nunez, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY POWE, Appellant.—On this appeal from a judgment rendered on April 30, 1974 in the Supreme Court, Bronx County, convicting defendant on his plea of guilty of robbery in the first degree and sentencing him to from 2 to 9 years imprisonment, assigned counsel, after conscientiously examining the record has sought leave to withdraw. The application is supported by a brief in compliance with *People v Saunders* (52 AD2d 833; see, also, *Anders v California,* 386 US 738). Counsel has concluded that the record in this case does not reveal any valid applicable issue, and that the appeal is therefore frivolous. A copy of the brief has been furnished to defendant, and defendant has not chosen to submit anything to support his appeal. This court has made a careful review of the record and proceedings in this case, and agrees with counsel for appellant that there are no issues to be raised upon this appeal that are not frivolous. Accordingly, the application by counsel to withdraw is granted, and the judgment of conviction is unanimously affirmed. Concur—Markewich, J. P., Kupferman, Silverman, Capozzoli and Lane, JJ.