564 So.2d 1199 (1990)
David COUPE, Appellant,
v.
STATE of Florida, Appellee.
Samuel WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
Lonnie Wayne FENNELL, Appellant,
v.
STATE of Florida, Appellee.
Nos. 89-770, 89-1705 and 89-2746.
District Court of Appeal of Florida, First District.
July 25, 1990.
*1200 Barbara Linthicum, Public Defender, and Kathleen Stover and Michael Minerva, Asst. Public Defenders, for appellants Lonnie Wayne Fennell and David Coupe.
Nickolas G. Petersen, Shalimar, for appellant Samuel Williams.
Robert A. Butterworth, Atty. Gen., and Charlie McCoy, Asst. Atty. Gen., for appellee.

ORDER ON APPELLEE'S MOTIONS
PER CURIAM.
In case number 89-770, David Coupe appeals his judgment and sentence on two counts of fraudulent use of a credit card. The assistant public defender representing Mr. Coupe filed a brief purporting to comply with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that counsel was unable to make a good faith argument that the judgment and sentence should be reversed. Counsel argued, however, that two errors appeared in the sentence, that costs were imposed without notice and that a condition of probation was added in the written order that was not orally pronounced at the sentencing hearing. Appellee moved to strike the brief, arguing that it did not comply with Anders. A panel of this court previously deferred that motion to the panel that determines the merits of this appeal. The state now moves to bar the pro se appellant from filing a brief in this case.
Lonnie Wayne Fennell has appealed his judgment and sentence for possession of a firearm by a convicted felon in case number 89-2746. His assistant public defender has also filed an Anders brief, but argues that costs were improperly imposed. The state has moved to strike the brief, contending that the brief is improper in this respect. This practice has been implicitly approved by this court in Ayers v. State, 538 So.2d 545 (Fla. 1st DCA 1989) and Christie v. State, 538 So.2d 544 (Fla. 1st DCA 1989).[1]
In case number 89-1705, the special public defender assigned to represent Samuel Williams has also filed a brief that purports to comply with Anders. In the brief, however, it is argued that the trial court erred by not giving its reasons for departing from the sentencing guidelines simultaneously with the imposition of sentence as required by Ree v. State, 14 F.L.W. 565 (Fla. November 16, 1989). Appellee moves to preclude the filing of a pro se brief as permitted under Anders.
We have determined to consolidate these motions for purposes of issuing a published order which addresses the single question presented here. That is, what, if any, issues may be raised by counsel for appellant in an initial brief without losing appellant's right to the Anders procedure, including permission for appellant to serve his own pro se brief and an examination of the entire record by the appellate court for the existence of reversible error.
It is obvious that there are countervailing policy arguments which can be made on behalf of both parties. The state contends that the rationale of Anders is clear enough and applies only where counsel for appellant can make no argument for reversible error. Appellants argue the unfairness of losing the right to Anders review simply because counsel is able to identify some relatively minor sentencing issue.
We find ourselves in agreement with the position of appellants. This court will accept briefs in accordance with Anders which find no error as to the trial or plea proceedings, but which identify sentencing errors, except where it is argued that the trial court's reasons for departing from the *1201 sentencing guidelines were not legally sufficient. In those particular cases we believe the arguments of counsel are so substantive that Anders review cannot be justified.
Upon consideration of the foregoing, we deny appellee's motions to preclude filing of a pro se initial brief in case numbers 89-1705 and 89-770. We also deny appellee's motion to strike and grant the motion to permit the filing of a pro se initial brief in case number 89-2746.
We believe this problem is one which requires uniform treatment throughout this state and therefore we certify that the question presented here is one of great public importance. It also appears this decision is one which expressly affects a class of constitutional officers, see In re Order of the First District Court of Appeal Regarding Brief filed in Forrester v. State, 556 So.2d 1114, 1115 (Fla. 1990).
IT IS SO ORDERED.
WENTWORTH, NIMMONS and ALLEN, JJ., concur.
NOTES
[1] Appellee also argues that the initial brief contains argument concerning the admission of evidence regarding appellant's use of aliases, which would also preclude an Anders brief. Counsel for appellant concluded, however, that if there was any error by the trial court with respect to this evidence it was harmless. Thus, counsel has done no more than is required by Forrester v. State, 542 So.2d 1358 (Fla. 1st DCA 1989), approved in part and quashed in part, 556 So.2d 1114 (Fla. 1990). This presents no obstacle to Anders review.