ON MOTION TO WITHDRAW
W. SHARP, Judge.
In this ease, the Public Defender filed a brief in purported compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and also filed a motion to withdraw from further representation of the appellant. However, the Public Defender raised in the Anders *270 brief a meritorious legal issue — a claim that the trial court imposed costs on the appellant without notice or a meaningful opportunity to object. The appeal therefore is not wholly frivolous and is not properly presented as an Anders appeal.
Anders held that where court-appointed appellate counsel finds an appeal in a criminal case to be wholly frivolous he should so advise the appellate court and request permission to withdraw. Only if the appellate court, after a full examination of all the proceedings, finds any legal points arguable on their merits (and therefore not frivolous), must it afford the indigent appellant the assistance of counsel to argue the appeal. It is inappropriate for counsel to argue that an appeal is completely without merit and at the same time to submit that the trial court committed an error which requires corrective action by this Court.
We disagree with the position of the First District in Coupe v. State, 564 So.2d 1199 (Fla. 1st DCA 1990), that an appellant has a “right” to the Anders procedure in cases where the appeal is not wholly frivolous. Therefore, we deny the Public Defender’s motion to withdraw, and we direct the appellee to file a supplemental answer brief within fourteen days after issuance of this opinion, addressing the issue of costs.
IT IS SO ORDERED.
GOSHORN and DIAMANTIS, JJ., concur.