581 So.2d 149 (1991)
In re Appellate Court Response to ANDERS BRIEFS.
No. 76483.
Supreme Court of Florida.
May 30, 1991.
*150 Robert A. Butterworth, Atty. Gen., James W. Rogers, Bureau Chief, Criminal Appeals, Asst. Atty. Gen. and Charlie McCoy, Asst. Atty. Gen., Tallahassee, for petitioner.
Nancy A. Daniels, Public Defender and Kathleen Stover, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for respondents.
BARKETT, Justice.
We have for review three cases consolidated by the district court in Coupe v. State, 564 So.2d 1199 (Fla. 1st DCA 1990). The issue presented is whether indigent criminal appellants who have the right to appeal lose their pro se rights when their defense counsel raise some arguably appealable issues in what are ostensibly "no merit" briefs filed pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).[1]
Before discussing the facts in this case, we find it appropriate to briefly review the Anders doctrine. In Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), the United States Supreme Court determined that every criminal defendant is entitled to representation of counsel under the sixth and fourteenth amendments of the United States Constitution in the first appeal as of right. See Penson v. Ohio, 488 U.S. 75, 79, 109 S.Ct. 346, 349, 102 L.Ed.2d 300 (1988). This right is premised on the general notion that there is no assurance they will get a fair result absent the vigorous representation of a trained legal advocate. Id. at 84, 109 S.Ct. at 84. Essentially, Anders operates as a narrow exception to that right of counsel by enabling courts to entertain an appeal as of right without counsel when counsel believes the appeal is wholly without merit. Id. at 83, 109 S.Ct. at 351. *151 "However, once a court determines that the trial record supports arguable claims, there is no basis for the exception and, as provided in Douglas, the criminal appellant is entitled to representation." Id. at 84, 109 S.Ct. at 351.
The procedure established in Anders and its progeny requires an indigent's appellate counsel to "master the trial record, thoroughly research the law, and exercise judgment in identifying the arguments that may be advanced on appeal... . Only after such an evaluation has led counsel to the conclusion that the appeal is `wholly frivolous' is counsel justified in making a motion to withdraw." McCoy v. Court of Appeals, 486 U.S. 429, 438-39, 108 S.Ct. 1895, 1902-1903, 100 L.Ed.2d 440 (1988) (footnote omitted). That motion, however, must be accompanied by an appellate brief referring to every arguable legal point in the record that might support an appeal. Id. at 439, 108 S.Ct. at 1902; Penson, 488 U.S. at 80, 109 S.Ct. at 349; Anders, 386 U.S. at 744, 87 S.Ct. at 1400; see also In re Order of the First Dist. Court of Appeal Regarding Brief Filed in Forrester v. State, 556 So.2d 1114 (Fla. 1990).
Upon counsel's submission of the motion to withdraw accompanied by an Anders brief, the indigent must be given the opportunity to file a pro se brief. See Anders, 386 U.S. at 744, 87 S.Ct. at 1400 ("A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses"). The appellate court then assumes the responsibility of conducting a full and independent review of the record to discover any arguable issues apparent on the face of the record. See Anders, 386 U.S. at 744, 87 S.Ct. at 1400; State v. Causey, 503 So.2d 321, 322 (Fla. 1987). If the appellate court finds that the record supports any arguable claims, the court must afford the indigent the right to appointed counsel, Penson, 488 U.S. at 83, 109 S.Ct. at 351; McCoy, 486 U.S. at 444, 108 S.Ct. at 1904; Anders, 386 U.S. at 744, 87 S.Ct. at 1400, and it must give the state an opportunity to file a brief on the arguable claims. Causey, 503 So.2d at 322. However, the appellate court is to conduct its full and independent review even if the indigent elects not to file a pro se brief. Id. Only if the appellate court finds no arguable issue for appeal may the court grant counsel's motion to withdraw and proceed to consider the appeal on its merits without the assistance of defense counsel. Penson, 488 U.S. at 80, 109 S.Ct. at 349.
The Anders doctrine was implicated in three unrelated cases concerning the appeals of David Coupe, Samuel Williams, and Lonnie Wayne Fennell. The district court consolidated these cases in Coupe. Coupe pled no contest to two felony charges, and defense counsel filed an Anders brief, conceding that Coupe's no contest plea colloquy was free of reversible error. However, counsel did allege two errors in the sentencing: that the court imposed costs without notice and an opportunity to be heard; and that the court imposed a minimal cost as a condition of probation in its written order without first orally pronouncing the condition at the sentencing hearing. The state moved to strike the Anders portion of counsel's brief and moved to preclude Coupe from filing a pro se brief.
In the second case, Williams pled no contest to two felony charges and was sentenced in excess of the guidelines. Defense counsel filed an Anders brief conceding no reversible error in the guidelines departure. However counsel asserted that the trial court violated Ree v. State, 565 So.2d 1329 (Fla. 1990), modified, State v. Lyles, 576 So.2d 706 (Fla. 1991),[2] when it failed to state its reasons for departing from the guidelines simultaneously to the pronouncement of sentence. As in Coupe's case, the state moved to preclude Williams from filing a pro se brief.
*152 Finally, Fennell was tried by a jury and convicted of a felony. Defense counsel filed an Anders brief concluding that the conviction was not reversible, but arguing that the court improperly imposed costs without providing notice or an opportunity to be heard. Defense counsel moved to allow Fennell to file a pro se brief, and the state moved to strike the Anders portion of counsel's brief.
The district court rejected the state's respective motions in all three cases and granted Fennell's motion to file, thereby allowing each of the indigents to file pro se appellate briefs if they chose to do so. The court summarized the question in the three cases as
what, if any, issues may be raised by counsel for appellant in an initial brief without losing appellant's right to the Anders procedure, including permission for appellant to serve his own pro se brief and an examination of the entire record by the appellate court for the existence of reversible error.
Coupe, 564 So.2d at 1200. The court concluded that it would "accept briefs in accordance with Anders which find no error as to the trial or plea proceedings, but which identify sentencing errors, except where it is argued that the trial court's reasons for departing from the sentencing guidelines were not legally sufficient." Id. at 1200-01. As to the latter group of cases, the court said it will not accept Anders briefs because "we believe the arguments of counsel are so substantive that Anders review cannot be justified." Id. at 1201. The court certified the question to this Court as one of great public importance.
The First District Court in Coupe drew a distinction between arguable issues that may be raised in Anders briefs and others that may not. Although Anders and its progeny make no distinction between the types of arguable issues that may or may not be raised when counsel seek to withdraw, we are persuaded that the Court in Anders did not consider a situation where, for example, the only arguable issue raised in "no merit" briefs might be minor ones relating to the imposition of costs. Drawing such a distinction does not defeat the principle of Anders because, even with this modification, the procedure continues to ensure that indigents have the right to meaningful appellate review with the assistance of counsel where the issues raised in "no merit" briefs are substantial. We reject the state's claim that this procedure unduly burdens the state and the administration of justice.
Thus, we agree with the district court's decision to the extent that indigents in their first appeal as of right should not lose their Anders rights simply because counsel are able to identify some relatively minor sentencing issues in "no merit" briefs. However, we cannot agree with the district court's conclusion that the only "sufficiently substantive" type of sentencing issue to preclude the Anders procedure is an allegation that the trial court relied on insufficient grounds to depart from the guidelines. There very well may be other sentencing errors substantive enough to warrant adversarial presentation to an appellate court with the assistance of counsel.[3] Therefore, appellate courts are to follow the Anders procedure fully even when costs or other minor sentencing errors are raised in "no merit" briefs; but the Anders procedure is not appropriate where counsel raise substantial sentencing errors of any kind. We note that the Fifth District Court reached a contrary conclusion in Palen v. State, 574 So.2d 269 (Fla. 5th DCA 1991), holding that the issue of improperly imposed costs may not be raised in Anders briefs. We disapprove Palen for the reasons expressed above.
Accordingly, we approve Coupe as modified by our opinion, and we remand for proceedings consistent herewith.
It is so ordered.
*153 SHAW, C.J., and OVERTON, McDONALD, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] We have jurisdiction because (1) the district court certified a question of great public importance, article V, section 3(b)(4) of the Florida Constitution; (2) the decision expressly affects a class of constitutional officers, article V, section 3(b)(3) of the Florida Constitution; and (3) direct and express conflict exists between Coupe v. State, 564 So.2d 1199 (Fla. 1st DCA 1990), and Palen v. State, 574 So.2d 269 (Fla. 5th DCA 1991). Art. V, § 3(b)(3), Fla. Const.
[2] At the time the district court ruled in the instant case, this Court had rendered its initial decision in Ree v. State, No. 71,424 (Fla. Nov. 16, 1989). However, on rehearing in Ree, this Court subsequently withdrew its opinion and issued a superseding opinion which held that Ree applies prospectively only. Ree v. State, 565 So.2d 1329 (Fla. 1990), modified, State v. Lyles, 576 So.2d 706 (Fla. 1991).
[3] A timely Ree issue is such a claim, as all the parties in this case agree. In light of the fact that the district court decided Coupe before Ree was made prospective only, see note 2, supra, we leave it to the district court on remand to determine whether Williams' Ree claim is arguable for the purposes of the Anders procedure.