BARKETT, Justice.
We review Palen v. State, 574 So.2d 269 (Fla. 5th DCA 1991), based on direct and express conflict with Coupe v. State, 564 So.2d 1199 (Fla. 1st DCA 1990), approved as modified sub nom. In re Appellate Court Response to Anders Briefs, 581 So.2d 149 (Fla.1991).* We quash the decision below.
Tony Ray Palen entered into a negotiated plea in which he pled nolo contendere to various criminal charges. He filed a timely notice of appeal and a public defender was appointed to represent him. The appointed counsel filed a motion to withdraw and submitted a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that there was no meritorious issue which could be presented on behalf of Palen. However, counsel noted that Palen apparently had been assessed court costs without notice or an opportunity to object, in violation of law. The Fifth District in Palen deemed this a meritorious issue that would preclude the Anders procedure, disagreeing with Coupe which held that the Anders procedure *975 should still be followed where minor issues such as costs are raised.
We recently disapproved Palen in In re Appellate Court Response to Anders Briefs, where we held “that indigents in their first appeal as of right should not lose their Anders rights simply because counsel are able to identify some relatively minor sentencing issues in ‘no merit’ briefs.” 581 So.2d at 152.
Accordingly, we quash the decision below and remand for proceedings consistent with this opinion.
It is so ordered.
SHAW, C.J., and OVERTON, McDonald, GRIMES, KOGAN and HARDING, JJ., concur.

 We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution.