PER CURIAM.
After trial by jury the appellant was convicted of two counts of armed robbery and one count of armed burglary with an assault. The trial court sentenced him as a habitual violent felony offender to three concurrent terms, thirty years each for the two armed robberies and life for the armed burglary. The trial court also imposed minimum mandatory sentences of ten years for the robberies and fifteen years for the armed burglary. The appellant’s counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We have reviewed the record in accordance with In re Anders Briefs, 581 So.2d 149 (Fla.1991), and agree with counsel that meritorious grounds to reverse either the convictions or the sentences do not exist. We do note, however, that the judgment and sentence incorrectly list the burglary as a life felony when it is a first degree felony. § 810.02(2), Fla. Stat. (1993). Also, a two-dollar discretionary cost under section 943.25(13), Florida Statutes (1993), was imposed without prior notice to the appellant or opportunity to object. On remand, the judgment and sentence shall be changed to reflect the correct degree of crime for the burglary count, and the two-dollar cost imposed shall be stricken. Reyes *629 v. State, 655 So.2d 111 (Fla. 2d DCA 1995). In all other respects we affirm.
DANAHY, A.C.J., and PARKER and FULMER, JJ., concur.