696 So.2d 1340 (1997)
M.G., Appellant,
v.
STATE of Florida, Appellee.
No. 96-00099.
District Court of Appeal of Florida, Second District.
July 23, 1997.
*1341 James Marion Moorman, Public Defender, and Jeffrey M. Pearlman, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robert J. Krauss, Senior Assistant Attorney General, Tampa, for Appellee.
DANAHY, Acting Chief Judge.
The trial court adjudicated the appellant guilty of battery, a misdemeanor of the first degree. The appellant at that time was fifteen years and eleven months old. The trial court ordered that she serve an unspecified period of community control as a sanction for her delinquent conduct. We have reviewed the entire record pursuant to our obligation under In re Anders Briefs, 581 So.2d 149 (Fla.1991), and find error only in the trial court's sentencing the appellant to an indeterminate period of community control. This is so because the trial court adjudicated her delinquent. We directed the appellee to file a supplemental response and it conceded the error. When a juvenile is adjudicated, the disposition imposed is limited in time to the amount for which an adult could be sentenced for the same crime. Compare M.B. v. State, 693 So.2d 1066 (Fla. 4th DCA 1997) (where juvenile had adjudication withheld, indeterminate period of community control is a proper disposition; if juvenile had been adjudicated, disposition would have been limited to time adult could have served for same crime). We agree with Judge Shahood's reasoning in M.B. for the differing outcomes depending on whether the juvenile is adjudicated.
We affirm the conviction for battery but vacate the disposition and remand for redisposition of not more than one year of community control.
FRANK and THREADGILL, JJ., concur.