LaROSE, Judge.
Pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Jonathan Lambert appeals his conviction and sentence for possession of cocaine entered upon his guilty plea. Mr. Lambert challenges various costs imposed on him by the trial court. He preserved these minor sentencing issues by filing a motion to correct sentencing errors pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). Cost issues are properly addressed in an Anders brief. Palen v. State, 588 So.2d 974, 974-75 (Fla.1991); In re Anders Briefs, 581 So.2d 149, 152 (Fla.1991). We affirm Mr. Lambert’s conviction without further discussion and strike one cost.

$2 Criminal Justice Education Fund Fee

Mr. Lambert claims that the $2 criminal justice education fund fee under section 938.15, Florida Statutes (2003), is a discretionary cost that the trial court erroneously imposed without oral pronouncement. This fee is a mandatory cost required by an enacted local government ordinance.[1] See Waller v. State, 911 So.2d 226 (Fla. 2d DCA 2005) (en banc). Consequently, it need not be orally pronounced at sentencing. See id. We affirm the assessment of this cost.

$27 Investigative Costs

Mr. Lambert argues that $27 in investigative costs must be stricken because the arresting agency did not request them as required by section 938.27(1), Florida Stat *1277 utes (2003). The record, however, includes a sworn document requesting these investigative costs.
Mr. Lambert argues further that the trial court, before imposing these costs, erred in failing to determine his ability to pay. The trial court need not consider a defendant’s ability to pay in assessing costs unless the authorizing cost statute specifically requires such a determination. See Cook v. State, 896 So.2d 870, 872 (Fla. 2d DCA 2005). Court costs section 938.27 provides in relevant part as follows:
938.27 Judgment for costs on conviction.—
(1) In all criminal cases, convicted persons are liable for payment of the documented costs of prosecution, including investigative costs ... if requested by such agencies. These costs shall be included and entered in the judgment rendered against the convicted person. (2)(a) The court shall require the defendant to pay the costs within a specified period or in specified installments.
[[Image here]]
(c) If not otherwise provided by the court under this section, costs shall be paid immediately.
[[Image here]]
(4) ... The burden of demonstrating the financial resources of the defendant and the financial needs of the defendant is on the defendant.
Subsection (1) makes clear that documented investigative costs are mandatory if requested by investigative agencies. Subsection (4) relates to the trial court’s discretion under subsection (2)(a) to allow payment of costs over a specified period or by installments based on the defendant’s financial resources. Unless the trial court provides otherwise, subsection (2)(c) requires immediate payment of the imposed costs. The statute does not require the trial court to determine the defendant’s ability to pay an investigative cost before imposing it.[2] We affirm the assessment of this cost.

$150 Court Improvement Fund Cost

In contrast to section 938.27, section 939.18(l)(b), Florida Statutes (2003), specifically states that the trial court may impose the $150 court improvement fund cost if it (1) finds the defendant has the ability to pay and that such payment will not interfere with his ability to pay any child support or restitution he owes. The imposition of this cost must be stricken; the trial court did not make the requisite finding of Mr. Lambert’s ability to pay. See Stewart v. State, 906 So.2d 1128, 1129 (Fla. 2d DCA 2005); Strickland v. State, 889 So.2d 219, 219 (Fla. 2d DCA 2004).
Except for striking the $150 court improvement fund cost, we affirm Mr. Lambert’s conviction and sentence.
WHATLEY and VILLANTI, JJ., Concur.

. See art. I, §§ 34-4 and 54-1, Pasco County, Fla., Code of Ordinances (1994).

. The 2003 legislative amendment to section 938.27 deleted a requirement that the trial court consider the defendant's ability to pay in determining whether to impose investigative costs. Ch. 03-402, § 127, at 3746, Laws of Fla.