PER CURIAM.
In this Anders[1] appeal, Robert Soeldner raises a minor cost issue. See generally In Re Anders Briefs, 581 So.2d 149 (Fla.1991). Soeldner preserved this issue for appeal by raising it in a motion to correct *1233 sentencing error filed pursuant to Florida Rule of Criminal Procedure 3.800(b)(2).
In this matter, Soeldner filed an affidavit of indigency, listing four criminal cases originating in 2004. An order appointing the public defender was entered based on that affidavit. In the written sentences, the trial court ordered Soeldner to pay the statutory application fee of $40 in each of the four cases. See generally § 27.52(2)(a), Fla. Stat. (2004). In the rule 3.800(b)(2) motion, Soeldner argued that the fee should be assessed only once, as the appointment was based on a single affidavit.
Section 27.52(2)(a), Florida Statutes (2004), which was in effect when Soeldner sought appointment of the public defender, reads in pertinent part:
Any person applying for appointment of a public defender or private attorney or any other due process services based on indigent status shall pay a $40 application fee to the clerk of court for each affidavit filed, regardless of the number of required due process services requested in the case.
(Emphasis added). As the State properly concedes, the clear language of the statute requires an application fee for each affidavit filed. The trial court erred by ordering payment of the fee in each case referenced in the affidavit. We, therefore, remand these cases to the trial court to strike three of the four court-ordered application fees in the sentences. In all other respects, the judgments and sentences are affirmed.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
SAWAYA, ORFINGER and TORPY, JJ., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).