[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-10996

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 3, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-02131-CV-T-26-MAP

TIMOTHY B. COTTRELL,

Petitioner-Appellant,

versus

SECRETARY, DOC,
FL ATTORNEY GENERAL,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 3, 2009)

Before TJOFLAT and CARNES , Circuit Judges, and HOOD,* District Judge.

PER CURIUM:

---

* Honorable Joseph M. Hood, United States District Judge for the Eastern District of
Kentucky, sitting by designation.

In this appeal from the denial of federal habeas corpus relief under 28 U.S.C. § 2254, we issued a certificate of appealability on two issues:

> 1) Whether the district court erred in dismissing Claims 7–12 as procedurally barred where the appellant's post-conviction counsel filed, on appeal from the denial of appellant's Fla.R.Crim.P. 3.850 motion, a brief pursuant to Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967), raising these claims; and

> 2) Whether the district court erred in dismissing Claim 13 as procedurally barred where the state post-conviction court applied a state time-bar rule incorrectly, as conceded by the state.

We will take those questions up in that order.

## I.

The first issue is confused by the fact that the Anders brief that was filed in this case came not in a direct appeal but in an appeal from the denial of state collateral relief. The Anders procedures originated from a desire to protect the Sixth Amendment right to counsel on appeal as of right, and the requirements of that decision are designed only for direct appeals. See Anders, 386 U.S. at 744–45, 87 S. Ct. at 1400. There is no basis in either the Anders opinion or in the rationale for that decision for applying its procedures to the appeal of the denial of state collateral relief, because there is no Sixth Amendment right to counsel in such appeals, see Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S. Ct. 1990, 1993

2

(1987); Barbour v. Haley, 471 F.3d 1222, 1231 (11th Cir. 2006). The Florida Supreme Court has recognized, as we do, that the Anders procedures apply only to the first appeal as of right. See In re Anders Briefs, 581 So. 2d 149, 150 (Fla. 1991).

Nonetheless, the attorney representing Cottrell on his appeal from the denial of state collateral relief filed in the Florida intermediate appellate court what purported to be an Anders brief. In that brief, counsel reviewed the claims that had been raised in the district court, set out the proceedings there, and said that he "direct[ed] this Court's attention to the following possible issues," after which he described the issues but did not argue that any error had been committed. See Post-conviction Anders Brief at 10, Cottrell v. State, No. 2D03-1421 (Fla. 2d DCA Dec. 15, 2003). Instead, in his brief counsel represented to the appellate court that: "Despite a thorough reading of the record on appeal and a review of the law on arguable points, the undersigned appellate counsel can find no meritorious argument to support the contention that the trial court committed significant reversible error in this case. Consequently, undersigned counsel files this brief pursuant to Anders v. California, 386 U.S. 738 (1967) . . ." Id. The last line of the brief states: "It is up to this court to determine whether these issues have merit." Id. at 14.

3

We have ourselves held that a brief that mentions issues without arguing that they entitle the appellant to relief has abandoned those issues. See Flanigan's Enters., Inc. v. Fulton County, 242 F.3d 976, 987 (11th Cir. 2001); Rowe v. Schreiber, 139 F.3d 1381, 1382 n. 1 (11th Cir.1998). The waiver through abandonment of Claims 7 through 12 based on the failure of counsel's brief to argue that there was any reversible error in denying relief as to those claims was not affected by the brief that Cottrell himself filed in the intermediate appellate court. That brief mentioned Claims 7 through 12 in the procedural history but put forth no arguments concerning them and, indeed, did not mention them in its argument section. See Pro Se Brief of Petitioner, Cottrell v. State, No. 2D03-1421 (Fla. 2d DCA Jan. 15, 2004).

Because the purported Anders brief abandoned and therefore waived the issues relating to Claims 7 through 12, the district court did not err in dismissing the habeas petition insofar as it involved those claims. The district actually dismissed the claims on the ground that Cottrell's own brief did not raise any issues involving Claims 7 through 12. The COA we issued added to that the question of whether, notwithstanding Cottrell's failure to raise the issues himself they were preserved by the purported Anders brief. Our answer is "no."

4

## II.

The second question presented in the COA is whether the district court erred in dismissing Claim 13 as untimely, since the State now concedes that the claim is timely. To say that there has been a lot of confusion in regard to this claim throughout both the state collateral proceeding and the federal habeas proceeding is an understatement. The central point for us is that at the time the district court ruled on this claim it did not have the benefit of the State's concession that the state post-conviction court had applied the state time-bar rule incorrectly. The district court may have viewed all of the issues surrounding this claim, including the procedural bar ones, through that lens. Accordingly, we think that the best course is to vacate the district court's decision as to this one claim and remand for further proceedings in light of the State's concession that the claim was not, in fact, untimely asserted in the state courts. We do so without implying any view on any other questions relating to the claim. We only require that the district court reconsider it in light of the State's concession.

## III.

The judgment of the district court is AFFIRMED, except insofar as it dismissed or denied Claim 13. As to that one claim the judgment is VACATED and the case is REMANDED for further proceedings consistent with this opinion.