NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


GREGORY DONALD HAUSER,  )
)
Petitioner,  )
)
v.  )  Case No. 2D15-1359
)
STATE OF FLORIDA,  )
)
Respondent.  )
_____)

Opinion filed August 12, 2015.

Petition for Writ of Certiorari to the Circuit
Court for the Sixth Judicial Circuit for
Pinellas County; sitting in its appellate
capacity.

Frank D. L. Winstead, Land O' Lakes, for
Petitioner.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Brandon R. Christian,
Assistant Attorney General, Tampa, for
Respondent.


PER CURIAM.

Petitioner Gregory Donald Hauser seeks certiorari review of the circuit

court's appellate per curiam affirmance of his appeal of his judgment and sentence for

misdemeanor battery.  The circuit court deprived Mr. Hauser of his right to file a pro se

brief by issuing its decision only seven days after Mr. Hauser's court-appointed counsel filed a no-merit brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), which provides that "[a] copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses." See also In re Anders Briefs, 581 So. 2d 149, 151 (Fla. 1991) ("Upon counsel's submission of . . . an Anders brief, the indigent must be given the opportunity to file a pro se brief."). The State has appropriately conceded that the circuit court failed to provide Mr. Hauser with procedural due process and thereby violated "a clearly established principle of law resulting in a miscarriage of justice." Allstate Ins. Co. v. Kaklamanos, 843 So. 2d 885, 889 (Fla. 2003) (citing Ivey v. Allstate Ins. Co., 774 So. 2d 679, 682 (Fla. 2000); then citing Haines City Cmty. Dev. v. Heggs, 658 So. 2d 523, 528 (Fla. 1995)).

Accordingly, we grant the petition for writ of certiorari, quash the circuit court's order, and remand for the circuit court to give Mr. Hauser an opportunity to file a pro se brief within no fewer than twenty days of the date that the mandate issues in this proceeding.

Petition granted; opinion quashed; remanded.

SILBERMAN, WALLACE, and CRENSHAW, JJ., Concur.