# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D2022-2943

———————————————

JAMES ISIAE BLACKMON, JR.,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

———————————————

On appeal from the Circuit Court for Escambia County.
John F. Simon, Jr., Judge.

July 3, 2024

### ORDER STRIKING BRIEF

PER CURIAM.

Appellant's appointed counsel's *Anders** brief is insufficient under Florida Rule of Appellate Procedure 9.140(g)(2) and *In re Anders Briefs*, 581 So. 2d 149, 152 (Fla. 1991), and is therefore stricken.

Appellant was convicted of second-degree murder and attempted premeditated first-degree murder. This appeal followed

---

\* *Anders v. California*, 386 U.S. 738 (1967).

and Appellant's appointed counsel filed an *Anders* brief under rule 9.140(g)(2). The brief certified that "undersigned counsel has concluded that no good faith argument can be made that reversible error occurred in the lower court." The brief does not refer to every legal point in the record that might support an appeal.

Rule 9.140(g)(2)(A) provides that "If appointed counsel files a brief *stating* an appeal would be *frivolous*, the court shall independently review the record to discover any arguable issues apparent on the face of the record." Fla. R. App. P. 9.140(g)(2)(A) (emphasis supplied). However, an *Anders* brief is not compliant simply because it "states an appeal would be frivolous." *In re Anders Briefs* established that appointed counsel must "'master the trial record, thoroughly research the law, and exercise judgment in *identifying the arguments* that *may* be advanced on appeal" and "[o]nly after such an evaluation" may counsel conclude "that the appeal is wholly frivolous . . . .'" 581 So. 2d at 151 (emphasis supplied) (internal quotation marks omitted) (quoting *McCoy v. Court of Appeals*, 486 U.S. 429, 438–39 (1988)). Therefore, a motion to withdraw "must be accompanied by an appellate brief referring to *every arguable* legal point in the record that *might* support an appeal." *Id.* (emphasis supplied) (citing *McCoy*, 486 U.S. at 439).

Here, appointed counsel showed a mastery of the record, but did not "identify the arguments that may be advanced on appeal" as required by *In re Anders Briefs*. The brief's Argument section merely describes a single motion that Appellant filed, his motion for judgment of acquittal. Instead of explaining why an appeal of the order denying that motion may be frivolous, the brief states that this Court "should determine whether the trial court erred when it denied Appellant's motion for judgment of acquittal," and if so, should order briefing. This Court has an obligation to independently review the record, *see Anders*, 386 U.S. at 745; *In re Anders Briefs*, 581 So. 2d at 151; Fla. R. App. P. 9.140(g)(2)(A), but *only after* appointed counsel has complied with her obligations under *Anders*, its progeny, and rule 9.140(g)(2)(A).

Accordingly, appointed counsel's *Anders* brief is stricken. Counsel has thirty (30) days to file a brief that complies with the

mandate of *Anders v. California* and its progeny, including *In re Anders Briefs*.

KELSEY, WINOKUR, and NORDBY, JJ., concur.

_____

Jessica J. Yeary, Public Defender, and Kathleen Pafford, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, Tallahassee, for Appellee.