# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D2024-2312
_____

JOHN SEBASTIAN DORTCH,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the County Court for Escambia County.
Kristina Lightel, Judge.

December 23, 2025

PER CURIAM.

AFFIRMED.

KELSEY and LONG, JJ., concur; TANENBAUM, J., dissents with opinion.

_____

***Not final until disposition of any timely and
authorized motion under Fla. R. App. P. 9.330 or
9.331.***

_____

TANENBAUM, J., dissenting.

The appellant did not receive the assistance of appointed appellate counsel to which he constitutionally is entitled. There also is no rendered judgment for us to review. Still, the majority proceeds with a per-curiam affirmance without further comment.

In the trial court, the appellant appears to have pleaded no contest to misdemeanors under a plea agreement. The plea agreement in turn reserved for the appellant the ability to appeal the denial of his motion to suppress following an evidentiary hearing at which the arresting officer testified and his dashcam video played. What the appellant received in the way of representation was a one-page recitation of the facts and one page of legal argument. The legal argument simply noted a Fifth District opinion that says only the trial court can determine the credibility of testifying witnesses.

The U.S. Supreme Court requires that "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw"; but counsel must include with that request "a brief referring to anything in the record that might arguably support the appeal." *Anders v. California*, 386 U.S. 738, 744 (1967). We then must decide, after conducting our own full examination of the proceedings, "whether the case is wholly frivolous." *Id.* If we do, then we can grant counsel's request. But if we do not—because we "find[] any of the legal points arguable on their merits (and therefore not frivolous)"—we "must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." *Id.* Like it or not, the supreme court requires us to go further: When an *Anders* brief is filed, we are to "assume[] the responsibility of conducting a full and independent review of the record to discover any arguable issues apparent on the face of the record." *In re Anders Briefs*, 581 So. 2d 149, 151 (Fla. 1991).

To ensure that the reviewing court itself does not become the appellant's advocate, however, initial responsibility rests with appointed counsel—not us—to master the record and point us to *anything* that "arguably support[s] the appeal." *Anders*, 386 U.S. at 744. That is, the brief must give the court comfort that

2

appointed counsel has provided the appellant the constitutionally mandated assistance; in essence, the brief should demonstrate that counsel has done the necessary work. The *Anders* brief falls short here in two respects, and we should be ordering counsel to submit a better one—not just affirming.

First, there was a dashcam video played at the suppression hearing in connection with the arresting officer's testimony. One *could* review that video and conclude that the testimony stood in direct contradiction to what the video showed. *See Wiggins v. Fla. Dep't of High. Saf. & Motor Veh.*, 209 So. 3d 1165, 1172 (Fla. 2017). As the court explained in *Wiggins*:

> We respect the authority and expertise of law enforcement officers, and thus rely on an officer's memory when necessary. But we would be remiss if we failed to acknowledge that at times, an officer's human recollection and report may be contrary to that which actually happened as evinced in the real time video. This is the reality of human imperfection; we cannot expect officers to retain information as if he or she were a computer. Therefore, a judge who has the benefit of reviewing objective and neutral video evidence along with officer testimony cannot be expected to ignore that video evidence simply because it totally contradicts the officer's recollection. Such a standard would produce an absurd result.

*Id.* The *Anders* brief does state that the "[v]ideo was shown at the hearing," and that it did "not show the violations testified to by Officer Bell, nor any other traffic violations." Counsel, however, does not follow this up with an explanation why an argument under *Wiggins* was not viable. Indeed, the brief does not cite *Wiggins* at all. This is not to say *Wiggins* wins the day here, but the argument plainly is not frivolous.

Second, there is no final judgment of conviction signed by the judge—so there is no conclusive exercise of judicial power to be reviewed. Reproduced below is what we have in the record on appeal, purporting to be the "judgment and sentence":

3

**COURT WORKSHEET AND ORDER**

DATE: 9/06/2024    JUDGE: KRISTINA DENISE LIGHTEL

DEFENDANT: DORTCH, JOHN SEBASTIAN    STATE ATTORNEY: S. PARKER

CASE: 2024 MM 001728A    PD APPT. ___ DEF ATTY: S. SPEGEL, APD

DCP( ) DCA( ) DP(√) DA( ) VP( ) INTER ___    (√)D / CR    CC ___

PLEA: Plea Agreement / Straight up / Guilty / (No Contest) 1, 2    As Charged (1 DWLS) 2nd
State Amends Information / Lesser Included Offense:    (2 Felse Name LEO)

Downward Departure

SENTENCING    No Pros / (Nolle Pros) Ct 3    (Adjudication Withheld) Ct 2    (Adjudicated Guilty) Ct 1

___ Designated/Sentenced as a ___    Pursuant to FS ___

County Jail ___    Time Served ___

State Prison ___    Credit ___

Comm Ctrl ___

Probation ___    REMANDED TO CUSTODY ___

___ Concurrent / Consecutive ___    ___ Under Same Terms and Conditions

___ Cost of Supervision: $26 / $52 / $55 / Waived ___

___ Pay $1.00 to Circuit One First Step per month    $5 Monthly if less than face to face reporting

**SPECIAL CONDITIONS**

___ CSW ___ hours at a minimum of ___ hours per month, begin within /over 1st ___ Days / Months of Supervision
___ May buy out ___ community service work at a rate of ___
___ Restitution / Court Reserves Jurisdiction / To be Determined    Pay 1st / J & S w/Co-defendant / into Registry    Lien

___ State to file amount w/in ___ days, Def't has ___ days to object or set hearing if no objection / hearing amount stands
___ EVAL: Sub Abuse / Mental Health    Sign-up / Enroll / Complete within ___
___ Successfully complete / follow through with recommended treatment / counseling    ___ Live In Person Course/Treatment
___ COURSE: Anger Management / Anti – Theft / DVIP / Parenting    Sign-up / Enroll / Complete within ___
___ May not possess/consume: Alcohol / Illegal Drugs / Controlled Substances w/out a valid RX / not validly prescribed by Physician
___ Random urinalysis / breath testing at defendant's own expense    ___ Weekly UA 1st ___ weeks. Random thereafter
___ Do not be in the presence of anyone using/possessing illegal drugs / alcohol
___ Take prescriptions in prescribed dosages / Provide Probation with prescriptions w/in ___ and w/in ___ of new RX
___ No violent contact with victim, victim's family / witnesses / co-defendant(s) / direct / indirect / 3rd party / social media
    ___ Without written consent
___ Stay away from ___    ___ Testify truthfully regarding Co-Deft
___ Seek/Maintain steady full-time employment and/or full-time student/school at least 12 hours per term or a combination of both
    OR perform ___ Job Searches / Apps per / each week if working less than ___ hrs wkly ___ until hired / or proof of Disability
    Begin w/in ___ Days / Months of supervision    Complete ___ Hours CSW per Mo if not employed FT or enrolled in Sch FT
___ DUI 1st / Multiple / Advanced Defensive Driving School    Enroll / Complete w/in ___
    Vehicle Impounded: 10 / 30 / 90 days / Waived    w/BPO
    Drunk Driver / Victim Impact Panel    Sign-up w/in ___    Complete w/in ___
___ Driver's License: DL suspended / revoked    Interlock ___
    ___ BPO if Qualified / Court has no objection    ___ Obtain Valid / Clear Driver's License    √ Advised of Habitual Traffic Offender
___ May apply / automatic / early termination / if all conditions satisfied and no violations after ___
___ Report to Probation by ___

Other Terms ___
Defense Reserves Right to Appeal Court's Denial of the Mtn
to Suppress

23

JOHN SEBASTIAN DORTCH vs. STATE OF FLORIDA
LT. CASE NO: 2024 MM 001728 A
HT. CASE NO: 1D24-2312

**The Defendant shall pay the following Court Costs:**

☐ $518 Mandatory Felony Court Costs
(F.S. 938.01, 938.03, 938.05, 938.06, 938.15, 938.19, 938.27, 939.185, 775.083(2), Escambia County Ord 34-7, 34-9, and 34-11)

☑ $273 Mandatory Misdemeanor Court Costs
(F.S. 938.01, 938.03, 938.05, 938.06, 938.15, 938.19, 938.27, 939.185, 775.083(2), Escambia County Ord 34-7, 34-9 and 34-11)

☐ $686 Felony DUI Court Costs
(F.S. 938.01, 938.03(1), 938.05, 938.07, 938.13, 938.15, 938.19, 938.27, 939.185, 775.083, 318.18(17), 318.18(13)(a)(1), Escambia County Ord 34-6, 34-7, 34-9, 34-10 and 34-11)

☐ $653 Felony BUI Court Costs
(F.S. 938.01, 938.03, 938.05, 938.06, 938.07, 938.13, 938.15, 938.19, 938.27, 939.185, 775.083(2), Escambia County Ord 34-7 and 34-9)

☐ $456 Misdemeanor DUI Court Costs
(F.S. 938.01, 938.03(1), 938.05, 938.07, 938.13, 938.15, 938.19, 938.27, 939.185, 775.083, 318.18(17), 318.18(13)(a)(1), Escambia County Ord 34-6, 34-7, 34-9, 34-10 and 34-11)

☐ $423 Misdemeanor BUI Court Costs
(F.S. 938.01, 938.03, 938.05, 938.06, 938.07, 938.13, 938.15, 938.19, 938.27, 939.185, 775.083(2), Escambia County Ord 34-7 and 34-9)

☐ $201 Domestic Violence Trust Fund (F.S. 938.08)
☐ $151 Rape Crisis Trust Fund (F.S. 938.085)
☐ $151 Crimes against Minors (F.S. 938.10)
☐ $15 Misdemeanor Crimes Involving Drugs/Alcohol (F.S. 938.13)
☐ $5,000 Prostitution (F.S. 796.07(6))
☐ $65 Reckless Driving / Racing on Highway (F.S. 318.18(20))
☐ $30 State Facility Surcharge (F.S. 318.18, Escambia County Ord 34-6)
☐ $3 State Radio (F.S. 318.18(17))
☐ $5 EMS Trust Fund (F.S. 316.192/316.061)
☐ $___ County Drug Abuse Trust Fund (F.S. 938.21)
☐ $___ Additional Cost of Prosecution (F.S. 938.27)
☑ $50 Public Defender Application (F.S. 27.52)
☑ $50 ___ for legal assistance (F.S. 938.29)
☐ $100 FDLE (F.S. 938.055)
☐ $___ Cost of Transportation to ___
☐ $___ Cost of Investigation to ___ (F.S. 938.27)
☐ $___ Fine
☐ 5% Surcharge on all fines (F.S. 938.04)

**Court Costs and Fines shall be paid as follows:**

☐ Pay all Court Costs and Fines during Probation
☐ May perform CSW at $___ per hour
☐ Reduce all monetary to Lien / D6
☑ Pay Court Costs/Fines or enter into a Payment Plan within / by 10/09/2024
    ☐ of Sentencing   ☐ of Release from Custody   ☐ or Reduce to Lien   ☑ / D6
☐ Pay Court Costs/Fines in minimum equal monthly installments to begin within 1st ___

**The above sentence was imposed in open court in Escambia County, Florida**

CASE: 2024 MM 001728 A
DEFENDANT: Dortch, John S.    County / Circuit Judge    Date 9/6/24

Revised 7/2024    √ Advised of Right to Appeal

The first page reflects the clerk's minutes of the proceeding. It is not a final "order," because a judge cannot render an order via minutes. *See* Fla. R. App. P. 9.020(f) (defining "order" as a "decision, order, judgment, decree, or rule of a lower tribunal, *excluding minutes and minute book entries*" (emphasis supplied)). And there cannot be rendition without an "order" that is signed by

4

the judge. *See id.* (h). There is further evidence that we have no judgment here. The first page in no way resembles the following form judgment that *must* be used by all courts in every criminal case:

**RULE 3.986. FORMS RELATED TO JUDGMENT AND SENTENCE**

(a) **Sufficiency of Forms.** The forms as set forth below, or computer generated formats that duplicate these forms, shall be used by all courts. Variations from these forms do not void a judgment, sentence, order, or fingerprints that are otherwise sufficient.

(b) **Form for Judgment.**

__ Probation Violator
__ Community Control Violator
__ Retrial
__ Resentence

In the Circuit Court,
_____ Judicial Circuit, in and for
_____ County, Florida
Division_____
Case Number_____

State of Florida

v.

_____
Defendant

JUDGMENT

The defendant, _____, being personally before this court represented by _____, the attorney of record, and the state represented by _____ and having

__ been tried and found guilty by jury/by court of the following crime(s)

__ entered a plea of guilty to the following crime(s)

__ entered a plea of nolo contendere to the following crime(s)

| Count | Crime | Offense Statute Number(s) | Degree of Crime | Case Number | OBTS Number |
|---|---|---|---|---|---|
| __ | __ | _____ | __ | __ | _____ |
| __ | __ | _____ | __ | __ | _____ |
| __ | __ | _____ | __ | __ | _____ |
| __ | __ | _____ | __ | __ | _____ |
| __ | __ | _____ | __ | __ | _____ |

__ and no cause being shown why the defendant should not be adjudicated guilty, IT IS ORDERED THAT the defendant is hereby ADJUDICATED GUILTY of the above crime(s).

__ and being a qualified offender pursuant to section 943.325, Florida Statutes, the defendant shall be required to submit DNA samples as required by law.

__ and good cause being shown; IT IS ORDERED THAT ADJUDICATION OF GUILT BE WITHHELD.

DONE AND ORDERED in open court in _____ County, Florida, on .....(date).......

_____
Judge

5

True, the form may be used with "variations" allowed. Fair to say, though, that using the clerk's minutes we have here as a substitute is significantly beyond what could be considered a "variation."

The next reproduced page purports to be a cost order, not a sentencing order. *See* Fla. R. Crim. P. 3.700(a) (defining a "sentence" as the penalty imposed). Though the judge did sign this next page, the two pages are not integrated—they do not reference each other—so they cannot be considered as a single order. Moreover, a judgment and a sentence are two separate orders. *Cf.* Fla. R. App. P. 9.140(b)(3) (requiring that a notice of appeal be filed "at any time between rendition of a "final judgment and 30 days following rendition of a written order imposing sentence"). The appellant purports to have appealed his judgment of conviction. Before the court affirms an exercise of judicial power, it should first confirm that there is a proper exercise of that power; or at least have counsel address the issue rather than accept a barebones *Anders* brief.

Appointed counsel is not limited to sure-winners or slam dunks. To provide the proper appellate assistance, counsel must identify issues that are *arguable*. When counsel clearly has not done this, rather than let counsel off the hook anyway, we are duty bound to strike the brief and require more from counsel. I have identified two obvious issues. The bare constitutional minimum has not been done in this appeal, and we should not be affirming until that happens.

———————————————

Jessica J. Yeary, Public Defender, and Lori A Willner, Assistant Public Defender, Tallahassee, for Appellant.

James Uthmeier, Attorney General, Tallahassee, for Appellee.

6