Defendant-Appellant, Jeffrey Grubbs, ("appellant") appeals from the judgment of conviction and sentence entered in the Richland County Court of Common Pleas upon a jury verdict finding appellant guilty of one count of attempted murder, a violation of R.C. 2923.02(A). The following facts give rise to this appeal.
Appellant was an inmate at the Mansfield Correctional Institution serving a sentence for aggravated robbery at all times relevant herein. During his stay at the Mansfield Correctional Institution, appellant became acquainted with LaMont Spradlin, another inmate. According to appellant's own testimony, in approximately June of 1996, appellant loaned Mr. Spradlin five packs of cigarettes. As interest for said loan, appellant charged Mr. Spradlin eight packs of cigarettes. When Mr. Spradlin failed to pay appellant thirteen packs of cigarettes for this original loan, appellant "slapped him down". As time went on, Mr. Spradlin continued to borrow from appellant and fall further into debt. According to appellant, Mr. Spradlin was in debt to appellant in the sum of one hundred packs of cigarettes.
When it appeared to appellant that Mr. Spradlin was not honoring his promise to repay appellant, appellant admittedly decided that Mr. Spradlin should "pay a price" for his dishonesty and that such price would be Mr. Spradlin's life.
Accordingly, appellant fashioned a razor-like weapon (a shank) and hid same in his sleeve. At the prison cafeteria, appellant came up behind Mr. Spradlin, grabbed him around the neck, and cut his throat with the shank. When appellant observed Mr. Spradlin was still alive, he attempted to once again cut Mr. Spradlin with the shank for the specific purpose of killing him. However, appellant was apprehended before the second strike.
Following appellant's indictment for one count of attempted murder, appellant was tried before a jury. The facts as stated herein, were taken from appellant's own trial testimony.
On August 21, 1998, Attorney Dan E. Gerhardt, filed a brief pursuant to Anders v. California (1967), 386 U.S. 738. Anders
established five criteria which must be met before a motion to withdraw by appellate counsel may be granted:
 The five criteria are: 1) a showing that appellant's counsel thoroughly reviewed the transcript and record in the case before determining the appeal to be frivolous; 2) a showing that a motion to withdraw has been filed by appellant's counsel; 3) the existence of a brief filed by appellant's counsel raising any potential assignments of error that can be argued on appeal; 4) a showing that appellant's counsel provided a copy of the brief which was filed to the appellant; and 5) a showing that appellant's counsel provided appellant adequate opportunity to file a pro se brief raising any additional assignments of error appellant believes the appellate court should address.
 State v. Martin (February 25, 1994), Lucas App. No. L-92-239, unreported.
Upon review, we find Attorney Gerhardt complied with the procedure set forth in Anders and served appellant with a copy of the Anders brief and motion to withdraw as counsel. Although permitted to do so, and having been advised of his right, appellant has not filed a pro se brief on his own behalf.
In reviewing the motion to withdraw and the subsequent filings with this court, it appears that appellant's counsel thoroughly reviewed the transcript and the record in this case before determining the appeal to be frivolous, that he nonetheless filed a brief on behalf of appellant, that he provided a copy of the brief to appellant, and that said counsel advised appellant of his right to file a pro se brief raising any additional assignments of error he believed appropriate. As such, this court previously granted Attorney Gerhardt's motion to withdraw.
Having independently examined the entire record in this matter, including but not limited to, the transcript of proceedings, we agree with the conclusion of appointed counsel for appellant that there are no arguably meritorious issues or errors that occurred during the trial of this matter to be raised or decided on appeal.
Therefore, the judgment of conviction and sentence entered in the Richland County Court of Common Pleas is hereby affirmed.
By Farmer, J., Hoffman, P.J. and Edwards, J. concur.
-----------------------
-----------------------
 ----------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland, County, Ohio is affirmed.
------------------------
------------------------
 ------------------------ JUDGES