OPINION
Appellant, Herman L. Jennings ("appellant"), appeals from the judgment of conviction and sentence entered after the trial court conducted a bench trial and found appellant guilty of felonious assault, a violation of R.C. 2903.01. The following pertinent facts give rise to this appeal. On September 20, 1997, appellant became involved in a dispute over the use of a pool table at Poet's Lounge in Mansfield, Ohio. During this dispute, appellant pushed 29 year-old Dana Beal to the floor, and the bartender requested appellant leave the premises. Shortly thereafter, Ms. Beal was exiting the tavern when she was struck on the head with an object she described as a "baseball bat." Ms. Beal fell to the ground and realized she was bleeding. As Ms. Beal looked up, she saw appellant standing over her and she pleaded with him not to strike her again. Although no witness actually saw appellant strike Ms. Beal, there was testimony that appellant was seen standing over Ms. Beal with a club in his hand while she was on the ground. Appellant testified in his own defense and stated that he had not struck Ms. Beal, but had taken the club away from the person who actually struck Ms. Beal. On August 5, 1998, Attorney William C. Fithian, III., filed a brief pursuant to Anders v. California (1967), 386 U.S. 738. Anders established five criteria which must be met before a motion to withdraw by appellate counsel may be granted:
 The five criteria are: (1) a showing that appellant's counsel thoroughly reviewed the transcript and record in the case before determining the appeal to be frivolous;(2) a showing that a motion to withdraw has been filed by appellant's counsel; (3) the existence of a brief filed by appellant's counsel raising any potential assignments of error that can be argued on appeal; (4) a showing that appellant's counsel provided a copy of the brief which was filed to the appellant; and (5) a showing that appellant's counsel provided appellant adequate opportunity to file a pro se brief raising any additional assignments of error appellant believes the appellate court should address.
State v. Martin (February 25, 1999), Lucas App. No. L-92-239, unreported. Upon review of the record before us, we find Attorney Fithian complied with the procedures set forth in Anders and served appellant a copy of the Anders brief and the motion to withdraw as counsel. Appellant was advised of his right to file a pro se brief on his own behalf, which appellant has done. Appellant assigns as error in his pro se brief the following:
 ASSIGNMENT OF ERROR ONE THE COURT ABUSED ITS DISCRETION WHEN IT REMOVED THE DEFENDANT-APPELLANT'S COMPLETE DEFENSE, WHICH VIOLATED THE FOURTEENTH AND FIFTEENTH AMENDMENTS, OF DUE PROCESS RIGHTS, UNFAIR PREJUDICE [SIC].
 ASSIGNMENT OF ERROR TWO VIOLATION OF THE MIRANDA DOCTRINE AFTER THE DEFENDANT-APPELLANT WAS IN STATES CUSTODY [SIC].
 I
It appears from appellant's first assignment that he claims the trial court's decision finding him guilty of felonious assault was against the manifest weight of the evidence. We disagree. In determining whether a criminal verdict is against the manifest weight of the evidence, this court must review the evidence contained in the record on appeal in a light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime proven beyond a reason doubt. State v. Jenks (1991), 61 Ohio St.3d 259. Inasmuch as the trial court was the finder of the fact, the trial judge was permitted to believe or disbelieve any testimony presented. It is clear from the court's decision that it did not believe appellant's testimony. This court has conducted an independent review of the record and finds sufficient evidence to support the trial court's finding that appellant feloniously assaulted Ms. Beal. Appellant's first assignment of error is hereby overruled.
 II
In his second assignment, appellant maintains the trial court erred in permitting the State to offer statements made by appellant while in the custody of the police and without first being provided his Miranda rights. We disagree. Interestingly, no motion to suppress these statements was filed by counsel for appellant. Furthermore, no questions were directed to the arresting police officer as to whether appellant was first provided his Miranda rights. Instead, it was appellant who testified that his Miranda rights were never read to him. Finally, there was no objection to the police officer's testimony regarding the statements made by appellant while in custody. Accordingly, appellant waived any error by failing to raise the same in the trial court. However, even if this court were to assume it was error to allow the testimony of the police officer, we find such error to be harmless in light of the remaining evidence. Accordingly, appellant's second assignment of error is hereby overruled. This court has independently examined the entire record in this matter, including but not limited to, the transcript of proceedings, and we agree with the conclusion of appointed counsel for appellant that there are no arguably meritorious issues or errors that occurred during the trial of this matter to be raised or decided on appeal. As such, this court hereby grants Attorney Fithian's motion to withdraw.
For these reasons, the judgment and conviction of sentence entered in the Richland County Court of Common Pleas is hereby affirmed.
By Gwin, J., Wise, P.J., and Farmer, J., concur