DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from a judgment issued by the Ottawa County Court of Common Pleas. It comes before the court on counsel's motion to withdraw as counsel on appeal, and the Anders brief in support thereof.
On April 23, 1998, appellant was indicted on four counts of criminal nonsupport, in violation of R.C. 2919.21, each constituting a fifth degree felony. Appellant's attorney negotiated a plea agreement whereby appellant entered a plea of guilty to one of the counts, and was sentenced on March 16, 2000, to eleven months of incarceration in the Ohio Bureau of Rehabilitation and Corrections, with a minimum of twenty-three days credit for jail time served.
Appellant filed his notice of appeal with this court April 7, 2000, and the case was placed on the court's accelerated docket. Following appellant's subsequent motions to remove his appeal from the accelerated docket and for a thirty-day extension of time, both of which were granted, this court dismissed the appeal because appellant failed to file his assignments of error and brief by the extended deadline of June 29, 2000. Appellant then filed motions for reconsideration and extension of time in which his counsel stated appellant's failure to file his brief was solely his counsel's fault. This court granted appellant's motions, setting a new deadline of September 19, 2000.
Appellant's appointed counsel submitted a motion to withdraw as counsel on appeal on September 19, 2000, pursuant to Anders v. California
(1967), 386 U.S. 738. In support of her request, and pursuant to the guidelines set forth in Anders, appellant's counsel asserts that after an extensive review of the record she was unable to find any valid, arguable issues for appeal. In that event, counsel must submit a brief setting forth any information in the record which might arguably support an appeal, and furnish a copy of the brief and motion to appellant. Id. at 744. Counsel has met these requirements. Appellant has not submitted a brief of his own.
Counsel for appellant has raised the following potential assignments of error:
"Was the Trial Court's sentence contrary to law?
 "Did the Defendant receive `effective' assistance of counsel?"
Regarding appellant's first proposed assignment of error, a trial court may sentence a defendant to six to twelve months incarceration for the commission of a fifth degree felony offense. See R.C. 2929.14(A)(5). If the court finds at least one factor listed in R.C. 2929.13(B)(1) present, the court then reviews whether incarceration is consistent with the purposes of sentencing enumerated in R.C. 2929.11, bearing in mind the seriousness and recidivism factors listed in R.C. 2929.12. As a result of its review, if the court finds that a prison term is consistent with the purposes and principles of felony sentencing, and the defendant is not amenable to community control, then the court is required to impose a prison term, pursuant to R.C. 2929.13(B)(2)(a).
The transcript of the sentencing hearing in this case shows that the trial court found that two of the factors enumerated in R.C. 2929.13(B)(1) were applicable, namely that appellant served a previous prison term, and the fact that appellant was on probation at the time he was committing the offense he was charged with in this case. The court then considered the seriousness and recidivism of the offense, pursuant to R.C. 2929.12, and found that appellant was not amenable to community control sanctions and imprisonment was consistent with the sentencing principles set forth in R.C. 2929.11(A). The judge explained:
 "[T]he Defendant shows no genuine remorse for his conduct in this offense. That can be concluded from his entire record and the aggregate failure to support which either approximates or exceeds $30,000 in three counties.
 "The offender has a lengthy traffic record that reflects indifference to Court Orders, and that again speaks to the violations of driving under suspension.
 "The offender has not responded favorably to community sanctions imposed in Sandusky County, and as a result, was sent back to prison to do his time, having violated shock probation.
 "As to the sex matter, the Defendant was declared a sexually oriented offender, was ordered to register with the Sandusky County Sheriff, never did so, again, ignoring a direct Court Order.
"* * *
 "Prison is consistent with the purposes and principles because Mr. Robinson's entire history consists of simply ignoring things that a reasonably responsible person would address and keep himself out of trouble. And all of this happens within the background that Mr. Robinson is young, strong, healthy and intelligent and ought to be able to maintain employment and support these three little children, especially in an economy where the failure to find and keep a job is just simply inexcusable."
Based on the foregoing, we find that appellant's sentence was not contrary to law, and therefore his first potential assignment of error is not well-taken.
Regarding appellant's second proposed assignment of error, appellant's counsel asserts the possibility of ineffective assistance of counsel. However, appellant's counsel did not set forth an argument concerning this issue in appellant's brief. Instead, appellant's counsel states, "There is nothing in this record that indicates Defendant's counsel violated any essential duty in representing him." App.R. 12(A)(2) provides that this court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based. Accordingly, appellant's second potential assignment of error is found not well-taken.
Therefore, this court finds the issues raised in the Anders brief to be without merit and wholly frivolous. The motion to withdraw filed by appellant's court-appointed counsel is found well-taken and is granted.
The judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal.
Melvin L. Resnick, J.
 James R. Sherck, J.
 Mark L. Pietrykowski, J., JUDGES CONCUR.