IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10284
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

JOSE ISMAEL NAJERA GARCIA,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:99-CR-308-1-P
--------------------
April 4, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Counsel for Jose Ismael Najera Garcia (Najera) has moved for
leave to withdraw and has filed a brief as required by Anders v.
California, 386 U.S. 738 (1967).  Najera had received a copy of
counsel's brief and has filed a response.  Najera contends that the
felony conviction that resulted in his increased sentence under 8
U.S.C. § 1326(b)(2) was an element of the offense that should have
been alleged in the indictment.  He argues that the holding of
Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 2362-63
(2000), places the authority of Almendarez-Torres v. United States,

_____

    [*] Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

523 U.S. 224, 226-27 (1998), in question and that, based upon Apprendi, his sentence was in excess of the statutory maximum.

Najera knowingly and voluntarily waived his right to appeal his sentence unless the sentence (1) was in excess of the statutory maximum or (2) constituted an upward departure. Apprendi did not overrule Almendarez-Torres. See Apprendi, 120 S. Ct. at 2362; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, __ U.S. __, No. 00-8299, 2001 WL 77067 (Feb. 26, 2001). Najera's argument is therefore foreclosed.

Counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. Najera's motion for appointment of new counsel is DENIED. SEE 5th Cir. R. 42.2.