# UNITED STATES COURT OF APPEALS

**FOR THE FOURTH CIRCUIT**

UNPUBLISHED

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 02-4472

VICTOR G. PINEDA,

*Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Solomon Blatt, Jr., Senior District Judge.
(CR-00-862)

Submitted: January 30, 2003

Decided: February 6, 2003

Before WIDENER, NIEMEYER, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Bradley D. Churdar, Charleston, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, Robert H. Bickerton, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Victor Pineda pled guilty to distributing 249 grams of methamphetamine in violation of 21 U.S.C. § 841(a), (b)(1)(B) (2000), and was sentenced to a term of sixty months imprisonment. His attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), raising as a potentially meritorious issue the district court's refusal to find that Pineda was a minimal or minor participant in the offense, *U.S. Sentencing Guidelines Manual* § 3B1.2 (2001), but asserting that in his view there are no meritious issues for appeal. Pineda has been informed of his right to file a pro se supplemental brief, but has not filed a brief. We affirm the conviction and sentence.

The defendant has the burden of demonstrating that he is entitled to a mitigating role adjustment. *United States v. Akinkoye*, 185 F.3d 192, 202 (4th Cir. 1999). Pineda maintained at sentencing that he had been a mere courier. A courier is not automatically awarded a minor or minimal role adjustment, *United States v. Withers*, 100 F.3d 1142, 1147 (4th Cir. 1996), and here the sentencing court had before it evidence from intercepted telephone calls in which Pineda negotiated the sale of the methamphetamine to Armando Garcia, who then sold it to an undercover officer. This evidence did not support Pineda's claim that he was only a courier. We thus conclude that the district court did not clearly err in finding that a mitigating role adjustment did not apply.

Pursuant to *Anders*, this court has reviewed the record for reversible error and found none. We therefore affirm the conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*