**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 02-4596**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PEDRO RUBIO SERRANO, a/k/a Pedro Serrano
Rubio, a/k/a Tico,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham. Frank W. Bullock, Jr.,
District Judge. (CR-01-320)

───────────────

Submitted: February 7, 2003      Decided: February 25, 2003

───────────────

Before WILLIAMS, TRAXLER, and GREGORY, Circuit Judges.

───────────────

Dismissed by unpublished per curiam opinion.

───────────────

J. Clark Fischer, RANDOLPH & FISCHER, Winston-Salem, North
Carolina, for Appellant. Anna Mills Wagoner, United States
Attorney, Sandra J. Hairston, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Pedro Rubio Serrano seeks to appeal his conviction and sentence. His attorney has filed a brief under Anders v. California, 386 U.S. 738 (1967), alleging that there are no meritorious issues on appeal. In criminal cases, the defendant must file his notice of appeal within ten days of the entry of judgment. Fed. R. App. P. 4(b)(1)(A). For thirty days thereafter, the district court may grant an extension of time to file a notice of appeal upon a showing of excusable neglect or good cause. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

The district court entered its judgment on April 15, 2002; the ten-day appeal period expired on April 29, 2002, and the thirty-day excusable neglect period expired on May 29, 2002. Thus, Serrano's notice appeal filed on June 8, 2002,[*] is untimely, and we dismiss the appeal on that basis.

This court requires that counsel inform his client, in writing, of his rights to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to

---

[*] Giving Serrano the most liberal interpretation of Houston v. Lack, 487 U.S. 266 (1988), June 8, 2002, is the earliest date his notice of appeal could have been filed.

withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>

3