NO. 07-03-0273-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 23, 2004

_____


JONATHAN LEE FLORES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 45,924-A; HONORABLE HAL MINER, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**ABATEMENT AND REMAND**

Appellant Jonathan Lee Flores challenges his conviction for arson and ten-year sentence. The appellate record, appellant's brief, and the State's brief have all been filed. On July 7, 2004, this Court abated this appeal and remanded the cause to determine whether attorney Ronald T. Spriggs should be permitted to withdraw. Following a hearing,

the trial court granted the motion to withdraw and appointed attorney Gerald D. McDougal to represent appellant. By letter, Mr. McDougal indicated to this Court that due to the status of the appeal, no further briefing was necessary. Upon suggestion of death of appellant's attorney, we now abate this appeal and remand the cause to the trial court.

Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1. whether appellant desires to prosecute this appeal; and
2. whether appellant is indigent and entitled to new appointed counsel.

The trial court shall cause a hearing to be transcribed. Should it be determined that appellant does want to continue the appeal and is indigent, then the trial court shall also take such measures as may be necessary to assure appellant effective assistance of counsel, which measures may include the appointment of new counsel. If new counsel is appointed, the name, address, telephone number, and state bar number of said counsel shall be included in the order appointing new counsel. The trial court shall execute findings of fact, conclusions of law, and such orders as the court may enter regarding the aforementioned issues, and cause its findings and conclusions to be included in a supplemental clerk's record. A supplemental record of the hearing shall also be included in the appellate record. Finally, the trial court shall file the supplemental clerk's record and supplemental reporter's record with the Clerk of this Court by Friday, January 14, 2005.

Should new counsel be appointed, the Clerk of the Court is instructed to accept and file any brief or supplemental brief newly appointed counsel desires to file. Absent a motion for extension of time, new counsel's brief(s) shall be due within 30 days after filing of the supplemental clerk's and reporter's records. The State's brief will be due within 60 days following filing of the supplemental clerk's and reporter's records or within 30 days following the filing of new counsel's brief(s), whichever is later. Tex. R. App. P. 38.6(a) & (b).

It is so ordered.

Per Curiam

Do not publish.