**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-5042**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

COREY RONSHION THOMAS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Senior District Judge. (CR-04-219)

Submitted: May 16, 2006                    Decided: May 18, 2006

Before WILLIAMS, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Leslie Carter Rawls, Charlotte, North Carolina, for Appellant. Robert John Gleason, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Corey Ronshion Thomas pled guilty, pursuant to a plea agreement, to one count of possession of a firearm after having been convicted of a crime punishable by more than one year of imprisonment, in violation of 18 U.S.C. § 922(g) (2000). The district court sentenced Thomas to thirty-seven months of imprisonment, the bottom of the applicable advisory Guideline range. On appeal, counsel filed an <u>Anders</u>[1] brief, in which she states that there are no meritorious issues for appeal, but requests that this court consider whether Thomas effectively waived his right to appeal, whether Thomas' counsel was ineffective, whether the Government engaged in prosecutorial misconduct, and whether the sentence was inconsistent with paragraph five of the plea agreement. Thomas was advised of his right to file a pro se supplemental brief, but has not filed a brief. We affirm.

Although the plea agreement included a waiver of Thomas' right to appeal his conviction or sentence, the Government has not filed a brief in this case or moved to dismiss the appeal based upon the waiver. Because the Government has not sought to enforce the waiver, we need not consider whether Thomas' agreement to the waiver was knowing and voluntary.

Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. <u>See</u> <u>United States v. King</u>, 119

---

[1]<u>Anders v. California</u>, 386 U.S. 738 (1967).

F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant must bring his claim in a motion under 28 U.S.C. § 2255 (2000). See id.; United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994). An exception exists when the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). Our review of the record leads us to conclude that any deficiencies in counsel's performance are not conclusively demonstrated.

A claim of prosecutorial misconduct is reviewed to determine whether the conduct complained of so infected the trial with unfairness as to make the resulting conviction a denial of due process. United States v. Scheetz, 293 F.3d 175, 185 (4th Cir. 2002). To prevail under this standard, Thomas must show that "the prosecutor's remarks or conduct were improper and, . . . that such remarks or conduct prejudicially affected his substantial rights" so as to deprive him of a fair trial. Id. Thomas does not identify any specific remarks or conduct by the Assistant United States Attorney that were allegedly improper, and our review of the record discloses no impropriety.

In paragraph five of the plea agreement, Thomas stipulated to certain factors relevant to the determination of the sentencing range under the Sentencing Guidelines.[2] Our review of the record reveals no inconsistency between these stipulations and

---

[2]U.S. Sentencing Guidelines Manual (2004).

- 3 -

the offense level calculations in the presentence report, and we conclude that Thomas' Guideline range was correctly determined to be thirty-seven to forty-six months of imprisonment. Moreover, the district court's selection of the particular sentence imposed in this case is reasonable. United States v. Johnson, __ F.3d __, 2006 WL 893594, at *2 (4th Cir. Apr. 7, 2006) ("a sentence within the proper advisory Guidelines range is presumptively reasonable.").

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Thomas' conviction and sentence. This court requires that counsel inform Thomas, in writing, of the right to petition the Supreme Court of the United States for further review. If Thomas requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Thomas.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED