**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 07-4295**

─────────────

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

WILLIAM SMOAK FAIREY,

                              Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of
South Carolina, at Spartanburg.  Henry F. Floyd, District Judge.
(7:06-cr-00421-HFF)

─────────────

Submitted:  October 11, 2007        Decided:  October 16, 2007

─────────────

Before MICHAEL and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

David W. Plowden, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant. David Calhoun Stephens, Assistant
United States Attorney, Greenville, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Smoak Fairey pled guilty to wire fraud. The district court sentenced Fairey to twenty-one months' imprisonment, at the bottom of the Sentencing Guidelines' range. On appeal, Fairey's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), contending that there are no meritorious issues for appeal but questioning whether Fairey's sentence was reasonable. In his pro se supplemental brief, Fairey challenges the impartiality of the trial judge, the effectiveness of his attorney, and the voluntariness of his plea, as well as augmenting his attorney's claims regarding his sentence. The Government declined to file a responding brief. Finding no error, we affirm.

The sentencing court must calculate the appropriate advisory Guideline range, making any necessary factual findings. The court then should consider that range in conjunction with the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006) sentencing factors and determine a proper sentence. United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006). The sentence must be within the statutorily prescribed range and reasonable. United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). A sentence within the properly calculated Guidelines range is presumptively reasonable. United States v. Green, 436 F.3d 449, 457 (4th Cir.),

cert. denied, 126 S. Ct. 2309 (2006).   In light of these principles, we find no error in Fairey's sentence.

Fairey's remaining claims are all based on factual allegations outside the record.  While we decline to consider these claims on direct appeal, Fairey is free to bring a 28 U.S.C. § 2255 (2000) motion collaterally attacking his conviction raising these claims.  See United States v. Cross, 928 F.2d 1030, 1053 (11th Cir. 1991).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal.  We therefore affirm Fairey's conviction and sentence.  This court requires counsel to inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED