**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4172**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

LEWIS R. HARDY,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.   Walter D. Kelley, Jr.,
District Judge.  (2:07-cr-00120-WDK-JEB-1)

Submitted:  March 27, 2009          Decided:  April 17, 2009

Before GREGORY, SHEDD, and DUNCAN, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Frances H.
Pratt, Keith Loren Kimball, Assistant Federal Public Defenders,
Norfolk, Virginia, for Appellant.  D. Monique Broadnax, Special
Assistant United States Attorney, Norfolk, Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lewis R. Hardy was convicted after a jury trial of conspiracy to possess with intent to distribute heroin and cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006); possession with intent to distribute heroin and crack, in violation of § 841(a)(1); possession with intent to distribute heroin and crack within 1000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), 860 (2006); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2006). Hardy was sentenced to a total of 185 months' imprisonment and now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Hardy has filed a pro se supplemental brief.[*] We affirm Hardy's conviction, but vacate the sentence, and remand for resentencing.

In the Anders brief, counsel first questions whether the evidence was sufficient to prove that Hardy possessed the narcotics within 1000 feet of a school. A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). The

---

[*] In his pro se brief, Hardy questions the validity of the indictment and the district court's refusal of the jury's request to review the transcript of four witnesses' testimony. We have considered Hardy's arguments in light of the applicable legal standards and find the claims to be without merit.

verdict of a jury must be sustained "if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by substantial evidence." United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006). "[S]ubstantial evidence [i]s evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." Beidler, 110 F.3d at 1067 (internal quotation marks and citation omitted).

We have reviewed the record and find that it contains sufficient evidence to prove that Hardy possessed the drugs within 1000 feet of a school. The proper measurement of distance for purposes of § 860 is a straight line; that is, an "as the crow flies" measurement. See, e.g., United States v. Henderson, 320 F.3d 92, 103 (1st Cir. 2003). In this case, the distance from the location where Hardy possessed the drugs and the school was only 450 feet, well within § 860's 1000-foot requirement. Furthermore, since Hardy failed to rebut this evidence, the jury could have reasonably accepted it as sufficient to support Hardy's guilt on this charge beyond a reasonable doubt. Cf. United States v. Glover, 153 F.3d 749, 755 & n.5 (D.C. Cir. 1998) (finding evidence sufficient where an

3

officer offered uncontested testimony that he measured the distance himself).

Counsel next questions whether the district court committed plain error in calculating Hardy's criminal history category under the guidelines. Although this issue is presented in an Anders brief, counsel concludes that it is, in fact, meritorious. Counsel acknowledges, however, that he failed to object to the guidelines calculation before the district court. Because this issue was not raised below, we review for plain error. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993). To prevail on a claim of unpreserved error, Hardy must show that error occurred, that it was plain, and that it affected his substantial rights. Olano, 507 U.S. at 732. Furthermore, this court will not exercise its discretion to correct such error unless it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. at 732 (internal quotation marks and citations omitted).

In calculating a defendant's criminal history category under the guidelines, two points are added for each conviction for offenses that occurred prior to the defendant turning eighteen that resulted in a period of confinement for more than sixty days, from which the defendant was released within five years of the present offense conduct. See U.S. Sentencing

4

Guidelines Manual ("USSG") § 4A1.2(d)(2)(A) (2007). Furthermore, the guidelines provide that prior sentences are to be counted separately if there are any intervening arrests between the offenses. See USSG § 4A1.2(a)(2). "If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day." Id. If there was no intervening arrest and either of those conditions is met, the prior sentences are to be counted as a single sentence in calculating a defendant's criminal history category.

In this case, Hardy's criminal history contained three separate juvenile offenses that met the criteria under the guidelines to receive two criminal history points each. However, there were no intervening arrests between these offenses, and Hardy was sentenced for all three on the same day. Therefore, these sentences should have been counted as a single prior sentence. The district court instead counted them separately, resulting in a total of four criminal history points being erroneously attributed to Hardy. This increased his criminal history category from III to IV and increased his applicable guidelines range from eighty-seven to 108 months' imprisonment to 100 to 125 months' imprisonment. We conclude that this constituted plain error that affected Hardy's

5

substantial rights and that should be noticed on appeal.  See United States v. Ford, 88 F.3d 1350, 1355-56 (4th Cir. 1996).

We have examined the entire record in this case in accordance with the requirements of Anders and have found no other meritorious issues for appeal.  We therefore affirm Hardy's conviction, vacate his sentence, and remand for resentencing.  See Gall v. United States, 128 S. Ct. 586, 597 (2007).  We further deny Hardy's motion for grand jury transcripts.  This court requires that counsel inform Hardy, in writing, of the right to petition the Supreme Court of the United States for further review.  If Hardy requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Hardy.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART, AND REMANDED