**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4205**

_____

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

LEWIS R. HARDY,

               Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Mark S. Davis, District Judge. (2:07-cr-00120-WDK-JEB-1)

_____

Submitted: October 25, 2010      Decided: November 29, 2010

_____

Before GREGORY, SHEDD, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Jennifer T. Stanton, J.T. STANTON P.C., Norfolk, Virginia, for Appellant. Kevin Michael Comstock, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lewis R. Hardy was convicted after a jury trial of conspiracy to possess with intent to distribute heroin and cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006); possession with intent to distribute heroin and crack, in violation of § 841(a)(1); possession with intent to distribute heroin and crack within 1000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), 860 (2006); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2006). The district court sentenced Hardy to 185 months of imprisonment and he timely appealed. On appeal, this court affirmed Hardy's convictions, but vacated his sentence and remanded for resentencing based on an error in the criminal history calculations under the advisory sentencing guidelines. See United States v. Hardy, 322 F. App'x 298 (4th Cir. 2009).

On remand, the district court sentenced Hardy to 168 months of imprisonment and Hardy now appeals. Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising two issues. Hardy has also filed a pro se supplemental brief.[*] Finding no error, we affirm.

---

[*] We have reviewed the arguments raised in the pro se supplemental brief and conclude that they lack merit.

2

Counsel first questions whether the district court erred in calculating the advisory guidelines range. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir.), cert. denied, 130 S. Ct. 290 (2009). In so doing, we first examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the [g]uidelines range, treating the [g]uidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . ." Gall, 552 U.S. at 51. Finally, we "then consider the substantive reasonableness of the sentence imposed." Id. This court presumes on appeal that a sentence within a properly calculated advisory guidelines range is substantively reasonable. Rita v. United States, 551 U.S. 338, 346-56 (2007) (upholding presumption of reasonableness for within guidelines sentence).

We have thoroughly reviewed the record and conclude that the district court properly calculated the advisory guidelines range. Moreover, the court considered the guidelines range along with the § 3553(a) factors, thoroughly explained its chosen sentence, and responded to the parties' sentencing

arguments. See United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (district court must conduct individualized assessment based on the particular facts of each case, whether sentence is above, below, or within the guidelines range). In addition, we find that the sentence is also substantively reasonable.

Counsel next questions whether the district court erred in denying Hardy's pro se motion for a new trial based on newly-discovered evidence. This court reviews a district court's denial of a motion for a new trial for abuse of discretion. See United States v. Fulcher, 250 F.3d 244, 249 (4th Cir. 2001). To receive a new trial based on newly-discovered evidence, a defendant must demonstrate that (1) the evidence is newly-discovered; (2) he has been diligent in uncovering it; (3) it is not "merely cumulative or impeaching"; (4) it is "material to the issues involved"; and (5) it would probably produce an acquittal. Fulcher, 250 F.3d at 249. Having reviewed the record and the applicable legal authorities, we conclude that the court did not abuse its discretion in denying Hardy's motion for a new trial.

We have examined the entire record in this case in accordance with the requirements of Anders and have found no meritorious issues for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform

4

Hardy, in writing, of the right to petition the Supreme Court of the United States for further review. If Hardy requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hardy. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED