# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1167

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Northern |
| | * | District of Iowa. |
| Bruce Lee Stiles, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: May 26, 2011
Filed: June 6, 2011

_____

Before LOKEN, MURPHY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

After Bruce Stiles pleaded guilty to receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1), the district court[1] sentenced him within the Guidelines range to 225 months in prison. On appeal, his counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that Stiles's sentence is unreasonable.

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

Upon careful review, we conclude that the district court did not abuse its discretion in sentencing Stiles. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (appellate court reviews sentencing decision for abuse of discretion, first ensuring that district court committed no significant procedural error, and then considering substantive reasonableness of sentence). The court did not commit any procedural error. See id. (describing factors that demonstrate procedural error). As to the substantive reasonableness of the sentence, we find nothing suggesting that the court failed to consider a relevant sentencing factor, gave significant weight to an improper factor, or clearly erred in weighing appropriate factors. See United States v. Peck, 496 F.3d 885, 891 (8th Cir. 2007) (sentence within Guidelines range is cloaked in presumption of reasonableness on appeal; describing circumstances in which court abuses its discretion, resulting in substantively unreasonable sentence); cf. United States v. Deegan, 605 F.3d 625, 634-35 (8th Cir. 2010) (concluding that within-Guidelines-range sentence was reasonable, notwithstanding testimony of defendant's expert who believed term of imprisonment was unnecessary), cert. denied, 79 USLW 3592 (Apr. 18, 2011).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues for appeal. Accordingly, we affirm the judgment and grant counsel leave to withdraw subject to her informing Stiles about the procedures for seeking rehearing and petitioning for a writ of certiorari.

_____