[Cite as *State v. Whitaker*, 2012-Ohio-6005.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No.  12CA3311 |
| vs. | : | |
| JAMES M. WHITAKER, | : | DECISION AND JUDGMENT ENTRY |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

COUNSEL FOR APPELLANT:     Aaron M. McHenry, 14 South Paint Street, Suite 1,
                          Chillicothe, Ohio 45601

COUNSEL FOR APPELLEE:      Matthew S. Schmidt, Ross County Prosecuting Attorney, 72
                          North Paint Street, Chillicothe, Ohio 45601[1]

CRIMINAL CASE FROM COMMON PLEAS COURT
DATE JOURNALIZED: 12-7-12
ABELE, P.J.

{¶ 1}   This is an appeal from a Ross County Common Pleas Court judgment of conviction

and sentence.   James M. Whitaker, defendant below and appellant herein, pled guilty to certain

crimes that involved a victim under thirteen years of age, including: (1) two counts of rape in

violation of R.C. 2907.02, each a first degree felony; and (2) two counts of gross sexual imposition

in violation of R.C. 2907.05, each a third degree felony.

{¶ 2}   During the change of plea hearing, the trial court advised appellant of, inter alia, the

_____
[1]Appellee did not enter an appearance in this appeal.

nature of the charges against him, his constitutional and statutory rights, and the various requirements concerning post-release control and sex offender registration. After the appellant responded that he did understand the nature of the charges and the various rights that he would waive by virtue of his guilty plea, the trial court accepted appellant's guilty plea.

{¶ 3} Appellant's trial counsel and the prosecution reached a sentencing agreement that the trial court subsequently accepted. The court sentenced appellant to serve (1) ten years to life in prison on the rape charges, with the sentences to be served consecutively to each other; and (2) three years in prison on the gross sexual imposition charges, with the sentences to be served concurrently to each count as well as concurrently to all other sentences.

{¶ 4} Appellant's appointed counsel has informed us that he has reviewed the court file, as well as the transcript of the proceedings, and can discern no meritorious claims for appeal. Accordingly, under Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, counsel has (1) moved to withdraw as appellant's counsel on the basis that the appeal is frivolous, and (2) requested this court to independently review the trial court proceedings to determine if possible error exists. Counsel has also certified that a copy of the appellate brief has been forwarded to the appellant with instructions that he may, if he so desires, file is own appellate brief.

{¶ 5} Appellate counsel has further advised the court that although under Anders he has the obligation to identify any potential error for review, the sparse record and limited proceedings in the case sub judice does not reveal any discernable potential errors. Counsel notes that appellant, who was represented by counsel during the trial court proceedings, pled guilty to the crimes pursuant to an agreement with the prosecution. Counsel further points out that the plea agreement and sentence occurred less than two months after the Ross County Grand Jury returned

indictments that charged appellant with the aforementioned offenses.

{¶ 6}   In Anders, the United States Supreme Court held that if counsel determines, after a conscientious examination of the record, that the case is wholly frivolous, counsel should so advise the court and request permission to withdraw.   Counsel must also (1) accompany the request with a brief that identifies anything in the record that could arguably support the appeal; and (2) furnish the client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that the client so chooses.   Once these requirements have been satisfied, the appellate court must then fully examine the proceedings to determine if an arguably meritorious issue exists.   If so, the court must appoint new counsel and decide the merits of the appeal.   If, however, the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating federal constitutional requirements, or may proceed to a decision on the merits if state law so requires.

{¶ 7}   In the case sub judice, we believe that appointed counsel fully satisfied the requirements set forth in Anders.   Also, the appellant has not filed a pro se brief to set forth any potential assignments of error.   After our examination of the entire record, we find nothing in the record to demonstrate any potential error and have determined that this appeal is, in fact, wholly frivolous.   Accordingly, we hereby grant appellant's counsel motion to withdraw and we hereby affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and appellee shall recover the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County

Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules

of Appellate Procedure.

Harsha, J. & Kline, J.: Concur in Judgment & Opinion

For the Court

BY:_____

Peter B. Abele
Presiding Judge

**<u>NOTICE TO COUNSEL</u>**

Pursuant to Local Rule 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.