FILED
United States Court of Appeals
Tenth Circuit

May 6, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee,

v.

HUGO ROSAS-GONZALEZ, a/k/a
Hugo Rosas, a/k/a Abelino Rosas-
Inojosa,

　　　　Defendant - Appellant.

No. 12-5197

(D.C. No. 4:12-CR-00123-GKF-1)

(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE,** Chief Judge, and **ANDERSON** and **TYMKOVICH**, Circuit
Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

Defendant and appellant, Hugo Rosas-Gonzalez, seeks to appeal his conviction following his plea of guilty to being an alien in the United States following an earlier deportation, in violation of 8 U.S.C. § 1326(a) and (b)(1). His appointed counsel, Julia L. O'Connell, has filed an Anders brief and has moved to withdraw as counsel. See Anders v. California, 386 U.S. 738 (1967). Mr. Rosas-Gonzalez has not filed any response to his counsel's motion, and the government has declined to file a brief. We therefore base our conclusions in this case on counsel's brief and our own careful review of the record. For the reasons set forth below, we agree with Ms. O'Connell that the record in this case provides no nonfrivolous basis for an appeal, and we therefore grant her motion to withdraw and dismiss this appeal.

**BACKGROUND**

As charged by Indictment, on or about June 27, 2012, Mr. Rosas-Gonzalez, a citizen of Mexico, was found in the United States after having been previously deported to Mexico on or about December 10, 2011. He had not obtained the consent of the Secretary of Homeland Security to re-enter this country, and was therefore in violation of 8 U.S.C. § 1326(a) and (b)(1). Mr. Rosas-Gonzalez eventually pled guilty without a plea agreement.

In preparation for sentencing under the advisory United States Sentencing Commission, Guidelines Manual ("USSG"), the United States Probation Office

prepared a presentence report ("PSR"). After calculating a total offense level of ten, with a criminal history category of IV, the PSR recommended an advisory Guidelines range of fifteen to twenty-one months' imprisonment. Neither party challenged the PSR. The district court sentenced Mr. Rosas-Gonzalez to eighteen months' imprisonment. In a related case, the district court imposed a six-month sentence to run consecutively to the eighteen-month sentence.[1] This appeal followed.

## DISCUSSION

In Anders, the Supreme Court held that if a defendant's counsel "finds [the defendant's] case to be wholly frivolous, after a conscientious examination of it, [s]he should so advise the court and request permission to withdraw." Anders, 386 U.S. at 744. Counsel must submit to both the court and [her] client a "brief referring to anything in the record that might arguably support the appeal." Id. The defendant may then "raise any points that he chooses." Id.

The reviewing court must examine all the proceedings to determine whether the appeal is frivolous. Id. If the court so finds, it may grant defense counsel's request to withdraw and dismiss the appeal. Id. "On the other hand, if it finds

---

[1]Because Mr. Rosas-Gonzalez was on supervised release for another offense when he was discovered to be illegally in this country, he was convicted of violating his supervised release. The six-month sentence was imposed for violating the terms of his supervised release.

any of the legal points arguable on their merits (and therefore not frivolous) [the reviewing court] must, prior to decision, afford the indigent [defendant] the assistance of counsel to argue the appeal." Id.

Counsel sums up her position with respect to any prospect of appeal as follows:

> The district court complied with [Fed. R. Civ. P.] 11's requirement in the course of the plea colloquy, and confirmed that Mr. Rosas-Gonzalez understood the rights he was waiving and the basic sentencing procedures. As for the procedural or substantive reasonableness of the sentence, counsel has not identified any basis for arguing that the Sentencing Guidelines calculations were erroneous, or that the sentence at the midpoint of the Guidelines range was unreasonably high. No motion for downward departure or variance was submitted by the defense, nor was any substantial mitigating factor identified and presented. Counsel submits that there is no viable appellate issue in this case.

Appellant's Br. at 4. We agree completely with that assessment. We have carefully reviewed the entire record and can discern nothing forming the basis for an appeal.

## CONCLUSION

We agree with Mr. Rosas-Gonzalez's counsel that no meritorious basis exists to appeal either his conviction or his sentence. We therefore GRANT his counsel's motion to withdraw, and DISMISS this appeal.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge