**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 29 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   19-50302 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00122-SJO-1 |
| v. | |
| GIOVANNY OCHOA, AKA Blackie, AKA Giovanni Ochoa, AKA Speedy, AKA Sporty, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted October 26, 2020**

Before:    McKEOWN, RAWLINSON, and FRIEDLAND, Circuit Judges.

Giovanny Ochoa appeals from the district court's judgment and challenges

his guilty-plea conviction and 240-month sentence for conspiracy to distribute

methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and 846.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Ochoa's counsel has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record. We have provided Ochoa the opportunity to file a pro se supplemental brief. No pro se supplemental brief or answering brief has been filed.

Ochoa waived his right to appeal his conviction, with the exception of an appeal based on a claim that his plea was involuntary. He also waived the right to appeal most aspects of his sentence, provided the sentence imposed did not exceed 360 months. Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), discloses no arguable grounds for relief as to the voluntariness of Ochoa's plea or any sentencing issues that fall outside the scope of the appeal waiver. We, therefore, affirm as to those issues. Having found no arguable issue as to the enforceability of the appeal waiver, we dismiss the remainder of the appeal. *See United States v. Watson*, 582 F.3d 974, 988 (9th Cir. 2009).

Under the terms of the plea agreement, the government should have moved at sentencing to dismiss the 21 U.S.C. § 851 Information filed on September 29, 2017. After this appeal was filed, the government moved for, and received, an indicative ruling from the district court that, if this case were remanded, the court

would grant the government's motion to dismiss the Information. Accordingly, we remand to permit the government to move to dismiss the § 851 Information.

Upon remand, the district court is directed to strike from supervised release condition no. 7 in the written judgment the following language, which was not part of the oral pronouncement: "and may not display any signs or gestures that defendant knows evidence affiliation with the 18th Street Gang." *See United States v. Hernandez*, 795 F.3d 1159, 1169 (9th Cir. 2015) (remanding for the district court to make the written judgment consistent with the unambiguous oral pronouncement of sentence).

Counsel's motion to withdraw is **GRANTED.**

**AFFIRMED in part; DISMISSED in part; REMANDED with instructions.**