**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4537**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DWIGHT ULMER, a/k/a Saybro,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:20-cr-00131-FL-1)

Submitted:  April 14, 2022                                   Decided:  April 18, 2022

Before DIAZ and RUSHING, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF:** G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dwight Ulmer pled guilty, pursuant to a written plea agreement, to two counts of distributing a mixture containing heroin and a fentanyl analog, in violation of 18 U.S.C. §§ 841(a)(1), (b)(1)(C), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced Ulmer to a within-Guidelines-range sentence of 168 months' imprisonment. On appeal, Ulmer's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the sentence is substantively reasonable. The Government moves to dismiss the appeal pursuant to the appellate waiver in Ulmer's plea agreement. Ulmer has filed a pro se supplemental brief, challenging the procedural and substantive reasonableness of his sentence and claiming that his appellate waiver applies to his convictions but not his sentence. We affirm in part and dismiss in part.

We will enforce an appellate waiver if it is valid and the issues raised on appeal fall within the scope of the waiver. *United States v. Dillard*, 891 F.3d 151, 156 (4th Cir. 2018). Upon a review of the record, including the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Ulmer knowingly and voluntarily waived his right to appeal his sentence and that the sentencing issues he raises on appeal fall squarely within the scope of the waiver. Accordingly, we grant the Government's motion to dismiss in part and dismiss the appeal as to all issues within the waiver's scope.

In accordance with *Anders*, we have also reviewed the entire record in this case and have found no meritorious grounds for appeal outside the scope of Ulmer's valid appellate

2

waiver.  We therefore affirm the remainder of the district court's judgment.  This court requires that counsel inform Ulmer, in writing, of the right to petition the Supreme Court of the United States for further review.  If Ulmer requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Ulmer as appropriate.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*