**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4468

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICHARD TODD FRADY,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, Chief District Judge.  (1:21-cr-00054-MR-WCM-1)

Submitted:  January 30, 2024                                      Decided:  February 2, 2024

Before KING, AGEE, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  David Q. Burgess, DAVID BURGESS LAW, PC, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Todd Frady pled guilty to possession with intent to distribute a mixture and substance containing more than 50 grams of actual methamphetamine, in violation of 18 U.S.C. § 841(a)(1), (b)(1)(A). The district court sentenced him to 240 months' imprisonment, a downward variance from the 262- to 327-month career offender advisory Sentencing Guidelines range. Frady appealed.

Frady's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that he found no meritorious grounds for appeal but challenging Frady's career offender designation. Counsel for Frady argues that the district court erred by applying the modified categorical approach to find that Frady's prior North Carolina convictions under N.C. Gen. Stat. § 90-95(a)(1)[*] qualified as controlled substance offenses for purposes of career offender designation and asserts that these prior offenses categorically do not qualify as career offender predicates. Frady was advised of his right to file a pro se supplemental brief, but he did not file one. The Government has declined to file a response brief. For the reasons that follow, we affirm.

Generally, to determine whether a prior offense qualifies as a crime of violence, the sentencing court must apply the categorical approach. *United States v. Ward*, 972 F.3d 364, 368-69 & n.2 (4th Cir. 2020). This "approach focuses on the *elements* of the prior offense rather than the *conduct* underlying the conviction." *United States v. Dozier*, 848

---

[*] This provision makes it "unlawful for any person . . . [t]o manufacture, sell, or deliver, or possess with intent to manufacture, sell, or deliver, a controlled substance." N.C. Gen. Stat. § 90-95(a)(1).

F.3d 180, 183 (4th Cir. 2017) (internal quotation marks omitted).  The sentencing court may, however, apply a modified categorical approach—permitting reliance on a limited class of documents to determine the elements of the defendant's specific crime—to a "divisible" statute that lists elements in the alternative to define multiple crimes.  *Mathis v. United States*, 579 U.S. 500, 505-06 (2016).

We recently held that N.C. Gen. Stat. § 90-95(a) "is a categorical match" with the Guidelines' definition of a controlled substance offense.  *United States v. Miller*, 75 F.4th 215, 230-31 (4th Cir. 2023).  Because Frady's prior North Carolina convictions categorically qualify as predicate career offender offenses, the district court's application of the modified categorical approach to reach the same conclusion amounts to harmless error.  *Cf. United States v. Doctor*, 958 F.3d 226, 238 (4th Cir. 2020) (holding that vacatur of sentence for Guidelines error is unnecessary where error is harmless).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm the district court's judgment. This court requires that counsel inform Frady, in writing, of the right to petition the Supreme Court of the United States for further review.  If Frady requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Frady.  We dispense with oral argument because the facts

3

and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*