**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

––––––––––

**No. 23-4323**

––––––––––

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DENNIS PULLEY, a/k/a Denmo,

        Defendant - Appellant.

––––––––––

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, Chief District Judge. (1:16-cr-00597-GLR-8)

––––––––––

Submitted: October 17, 2024                Decided: January 17, 2025

––––––––––

Before DIAZ, Chief Judge, NIEMEYER, Circuit Judge, and FLOYD, Senior Circuit Judge.

––––––––––

Affirmed by unpublished per curiam opinion.

––––––––––

**ON BRIEF:** Paul G. Beers, GLENN, FELDMANN, DARBY & GOODLATTE, Roanoke, Virginia, for Appellant. Jason Daniel Medinger, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

––––––––––

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dennis Pulley was convicted, following a jury trial, of conspiracy to commit racketeering acts, in violation of 18 U.S.C. § 1962(d) (Count 1); conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 846 (Count 3); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 9); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 10). The district court sentenced Pulley below the advisory Sentencing Guidelines range of life in prison to an aggregate term of 420 months' imprisonment, to be followed by 5 years of supervised release. Pulley appealed, and we affirmed the judgment save as to Count 10, which we vacated pursuant to *Rehaif v. United States*, 588 U.S. 225 (2019). *See United States v. Barronette*, 46 F.4th 177, 198-201 (4th Cir. 2022). We thus vacated the criminal judgment and remanded the matter for further proceedings.

On remand, the Government opted to dismiss Count 10. After conducting a full resentencing, the court again varied downward below the advisory Guidelines recommendation of a life sentence and imposed the same downward variant 420-month sentence to be followed by 5 years of supervised release. Pulley timely appealed.

Counsel for Pulley has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but seeking review of the imposed custodial sentence and asking whether the district court complied with our

2

*Rogers*[1] jurisprudence in its handling of the conditions of the reimposed term of supervised release.  Pulley has filed several pro se supplemental briefs in which he argues,[2] in most relevant part, that the district court erred in determining his criminal history score.  The Government has not filed a response brief.  For the reasons explained below, we affirm the amended criminal judgment.

First, we review a sentence for reasonableness by "applying a 'deferential abuse-of-discretion standard.'"  *United States v. McCain*, 974 F.3d 506, 515 (4th Cir. 2020) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)).  In doing so, this court's "inquiry proceeds in two steps."  *United States v. Friend*, 2 F.4th 369, 379 (4th Cir. 2021).  We must first examine whether the district court procedurally erred by "'failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.'"  *Id.* (quoting *Gall*, 552 U.S. at 51).  Then, if the court committed no procedural error, we review the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances to determine whether the sentencing court abused its discretion in

---

[1] *See United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020) (holding that district courts must orally pronounce all nonmandatory conditions of supervised release at the sentencing hearing); *see also United States v. Singletary*, 984 F.3d 341 (4th Cir. 2021) (holding *Rogers* claim was not foreclosed by waiver of defendant's right to appeal sentence because, given the court's failure to orally pronounce the discretionary conditions, "he has never been sentenced to those conditions at all").

[2] We grant Pulley's motion for leave to supplement his pro se supplemental brief, but deny his request to withdraw counsel's *Anders* brief.

concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (internal quotation marks omitted).

Because Pulley failed to challenge the Guidelines calculations at resentencing, we are limited to plain error review. *See United States v. Harris*, 890 F.3d 480, 490 (4th Cir. 2018). Under this standard, we "will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id*. at 491 (internal quotation marks omitted).

Consistent with counsel's concession, we agree that the district court did not plainly procedurally err in resentencing Pulley. That is, the district court correctly calculated the advisory Guidelines range,[3] sufficiently addressed defense counsel's arguments for a lower sentence, adequately considered the § 3553(a) factors, and provided a meaningful explanation for the selected sentence that was rooted in the § 3553(a) sentencing factors. *See Friend*, 2 F.4th at 379.

---

[3] Regarding Pulley's pro se challenge to the computation of his criminal history score, on this record, we discern no plain error. Even if Pulley is correct and some of his prior convictions were improperly scored, this does not affect Pulley's substantial rights because Pulley's total adjusted offense level of 43 corresponds with a life sentence regardless of the defendant's criminal history category. *See* U.S. Sentencing Guidelines Manual ch. 5, pt. A (sentencing table) (2018); *see also United States v. Fowler*, 58 F.4th 142, 150 (4th Cir. 2023) (observing that, when assessing if a sentencing error affects defendant's substantial rights, this "generally means that there must be a reasonable probability that, but for the error, the outcome of the proceeding would have been different" (internal quotation marks omitted)).

4

Nor did our review of the record reveal anything to overcome the presumption of substantive reasonableness afforded the below-Guidelines sentence. *United States v. Gillespie*, 27 F.4th 934, 945 (4th Cir. 2022); *United States v. Vinson*, 852 F.3d 333, 357-58 (4th Cir. 2017). Pulley's lone attempt to rebut this presumption suggests that, by reimposing the same 420-month sentence—after our vacatur of the conviction on Count 10—the district court's sentencing decision was "presumptively excessive or vindictive." (*Anders* Br. at 19). Counsel ultimately concludes, though, that this argument is meritless, citing *United States v. Ventura*, 864 F.3d 301 (4th Cir. 2017). We agree.

In *Ventura*, we determined that, rather than assessing a new sentence "under the so-called count-by-count approach," we employ "the aggregate package approach." 864 F.3d at 310. Utilizing this method, "a sentence is not problematic so long as the ultimate sentence for one or more counts does not exceed that given for all counts sentenced at the conclusion of the first trial." *Id*. at 311 (internal quotation marks omitted). Because Ventura's aggregate sentence was not increased, despite this court having vacated one of his convictions, we rejected "his attempt to establish a presumption of vindictiveness." *Id*.

*Ventura* thus forecloses any suggestion of vindictiveness arising by virtue of the court reimposing the same aggregate 420-month sentence despite our vacatur of the conviction on Count 10. Pulley points to no affirmative evidence of vindictiveness to establish this claim, absent a presumption of vindictiveness, and our plenary review of the record did not reveal any such evidence.

5

Finally, we consider whether the district court's imposition of a 5-year term of supervised release comported with our *Rogers* jurisprudence. Once again, we agree with counsel's position that there is no reversible *Rogers* error here.

On remand, the district court noted a *Rogers* error that arose in the context of Pulley's initial sentencing, identified the terms and conditions of supervised release enumerated in the initial judgment, and allowed Pulley to confer with his attorney about those conditions. Both Pulley and his attorney advised the court that there were no objections to those conditions. At that point, then, Pulley was aware of the previously applied conditions and declined to argue that any of them were inappropriate or otherwise objectionable. Near the conclusion of sentencing, the district court expressly adopted by reference the previously imposed standard, mandatory, and special conditions of supervised release, which Pulley and his attorney had reviewed and about which no objection had been made.

Under the circumstances, we hold that the district court's later reference to the previously imposed conditions was sufficient to put Pulley on notice that the conditions imposed in his original written judgment would also be imposed in the amended written judgment. The court's actions thus satisfied the overarching purpose of *Rogers*, to wit: to afford the defendant the opportunity to object to the nonmandatory supervised release conditions in open court. *See Rogers*, 961 F.3d at 298 (explaining that "foregoing oral pronouncement of discretionary conditions will leave defendants without their best chance to oppose supervised-release conditions that may cause them unique harms and thus directly implicate their right to be present at sentencing").

6

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal. We therefore affirm the district court's amended criminal judgment. This court requires that counsel inform Pulley, in writing, of the right to petition the Supreme Court of the United States for further review. If Pulley requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Pulley.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*